**John F. TREVINO et al., Relators,**

v.

**Ross E. DOUGHTY, District Judge, et al., Respondents.**

No. 13344.

Court of Civil Appeals of Texas.

San Antonio.

March 5, 1958.

Rehearing Denied March 26, 1958.

James C. Brady, San Antonio, for relators.

Eskridge, Groce & Hebdon, San Antonio, for respondents.

PER CURIAM.

On February 21, 1958, John F. Trevino et al. filed in this Court a motion for leave to file a petition for writ of mandamus against the Honorable Ross E. Doughty, District Judge, 38th Judicial District, seeking to require him to enter a final judgment in Cause No. 4796, styled John F. Trevino et al. v. Andres Cardenas and R. S. (Bob) Baker, d/b/a Bob Baker Construction Co. Relators stated in their petition, in substance, that the jury in the case had answered certain issues submitted to them, in relators' favor and had awarded them the sum of $42,500, and that under the undis-

puted facts and the findings of the jury relators were entitled to have judgment rendered in their favor in the total sum of $44,350, but the trial judge declared a mistrial. In the light of the allegations contained in the petition, this Court granted the motion for leave to file the petition, and ordered the matter set down for a hearing on February 28, 1958, at 2 P.M.

Thereafter, on February 26, 1958, relators filed in this Court their Exhibits A and B. The trial judge's order is contained in "Exhibit A" and reads as follows:

"On this the 26th day of November, 1957, came on to be heard the above styled and numbered cause, upon the motion of the plaintiff, John F. Trevino et al., for a judgment on the verdict, and also upon the motion of the defendant, R. S. (Bob) Baker, d/b/a Bob Baker Construction Company, for judgment non obstante veredicto, said parties being present in court by and through their respective attorneys of record herein; the court after hearing said motions and the argument of counsel is of the opinion that the plaintiff's motion for judgment on the verdict should be overruled, and the same is hereby overruled, and that the motion of the defendant, R. S. (Bob) Baker, for judgment non obstante veredicto should be overruled, and the same is hereby overruled, and that mis-trial is hereby declared,

"It is therefore ordered by the court that the verdict and findings of the jury be set aside, and held for naught, that mis-trial be entered and a new trial granted, to all of which the plaintiffs, and each of them, then and there, objected and excepted.

"Dated this 13th day of January, 1958."

It is apparent from this order, that while the trial court stated in the first part of his judgment, "that mis-trial is hereby declared," in the second part, he ordered "that

the verdict and findings of the jury be set aside, and held for naught, that mis-trial be entered and a new trial granted."

Rule 300, Texas Rules Civil Procedure, provides, in effect, that the trial court shall render judgment upon the special verdict, "unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding."

It is clear here that the trial court both set aside the verdict and granted a new trial, therefore, it was not his ministerial duty to enter judgment on the special issue verdict. We can issue a writ of mandamus only in a case where the entering of a judgment by the trial court is a ministerial duty. Walker v. Lindsey, Tex.Civ. App., 298 S.W.2d 195; Kennann v. Nelson, Tex.Civ.App., 278 S.W.2d 335; Cheswick v. Moorhead, Tex.Civ.App., 224 S.W.2d 898.

The petition for mandamus is refused.