A. K. POLIS et al., Relators,

v.

Honorable J. R. FUCHS, District Judge,
et al., Respondents.

No. 10592.

Court of Civil Appeals of Texas.

Austin.

June 18, 1958.

Rehearing Denied July 16, 1958.

Kelley, Looney, McLean & Littleton, Ralph L. Alexander, Edinburg, Weldon Fielder, Lockhart, L. Hamilton Lowe, Austin, for relator A. K. Polis.

Rankin, Cherry & Martinez, Edinburg, for relator C. O. Hagan.

Harry S. Pollard, Austin, for respondents.

HUGHES, Justice.

This is an original proceeding filed herein by our leave in which relators seek to invoke our jurisdiction under Art. 1824, Vernon's Ann.Civ.St., to require respondent, Honorable J. R. Fuchs, Judge of the District Court of Caldwell County, 155th Judicial District, to render judgment on the verdict of the jury which verdict was on January 28, 1958, received and ordered filed in Cause No. 12,503, styled Snowden v. Polis et al., pending in the District Court of Caldwell County.

Our authority in the premises is circumscribed by Rule 300, Texas Rules of Civil Procedure, which provides, in part, that

"where a special verdict is rendered * * * the court shall render judgment thereon unless set aside or a new trial is granted. * * *"

If a verdict has been properly set aside by the Trial Court under this Rule then there is no verdict upon which judgment should be or can be rendered.

It is our opinion that Judge Fuchs in the exercise of judicial discretion set aside the jury verdict upon which relators seek to predicate a judgment and that his action in doing so was not arbitrary and was not void.

Respondent B. F. Snowden sued relators A. K. Polis and C. O. Hagan for cancellation of a written assignment of an oil and gas lease in which A. K. Polis was assignor and B. F. Snowden was assignee. The basis of the suit was allegedly false representations made by Polis.

Stipulations were made by the parties relative to the relief each party would be entitled to dependent upon the outcome of the issues of fraud.

The case was submitted to a jury which returned the following verdict:

"Special Issue No. 1:

"Do you find from a preponderance of the evidence that on or immediately before August 30, 1957, A. K. Polis represented to B. F. Snowden that the four producing wells on the Polis 70 acre Leyendecker lease had been producing, were then producing, and were capable of producing, a total of twenty (20) barrels or more of oil daily?

"Answer 'Yes' or 'No'    No

"If you have answered Special Issue No. 1 'Yes', you will answer Special Issue No. 2; otherwise you need not answer such Issue:

"Special Issue No. 2:

"Do you find from a preponderance of the evidence that B. F. Snowden believed and relied upon such representations of A. K. Polis, if any, and was induced thereby to purchase the 70-acre Leyendecker lease from Polis on August 30, 1957?

"Answer 'Yes' or 'No' ————

"Special Issue No. 3:

"Do you find from a preponderance of the evidence that on or immediately before August 30, 1957, A. K. Polis made it appear or caused it to appear, to B. F. Snowden that the four producing wells on the Polis 70-acre Leyendecker lease were then producing a total of twenty (20) barrels or more of oil daily?

"Answer 'Yes' or 'No'    Yes

"If you have answered Special Issue No. 3 'Yes', you will answer Special Issue No. 4; otherwise you need not answer such Issue.

"Special Issue No. 4:

"Do you find from a preponderance of the evidence that B. F. Snowden believed and relied upon such appearance, if any you may have found in answer to Special Issue No. 3, and was induced thereby to purchase the 70-acre Leyendecker lease from Polis on August 30, 1957?

"Answer 'Yes' or 'No'    No

"If you have answered Special Issue No. 4 'Yes', you will answer Special Issue No. 5; otherwise you need not answer such Issue.

"Special Issue No. 5:

"Do you find from a preponderance of the evidence that on or immediately before August 30, 1957, the four producing wells on the Polis 70-acre Leyendecker lease were not producing

a total of twenty (20) barrels or more of oil daily?

"Answer 'They were not' or 'They were' **They were not**

"Special Issue No. 6:

"Do you find from a preponderance of the evidence that B. F. Snowden has suffered, or will suffer, any damages as the direct result of his purchase of the 70-acre Leyendecker lease from A. K. Polis on August 30, 1957?

"Answer 'Yes' or 'No' **Yes**

"Special Issue No. 7:

"Do you find from a preponderance of the evidence that on August 31, 1957, A. K. Polis agreed with B. F. Snowden to the cancellation of the 70-acre Leyendecker lease transaction between Polis and Snowden made on August 30, 1957?

"Answer 'Yes' or 'No' **No**

"Special Issue No. 8:

"Do you find from a preponderance of the evidence that B. F. Snowden relied solely upon his own independent investigations to determine whether the four operating wells on the 70-acre Leyendecker lease were producing twenty (20) or more barrels of oil daily, and that such investigations alone induced Snowden to purchase said lease from Polis on August 30, 1957?

"Answer 'Yes' or 'No' **Yes** "

Motions for judgment on the verdict and stipulations were filed by all parties. In addition and in the alternative Snowden moved the Court to disregard the answer of the jury to Issue No. 4:

"for the reason that the record shows as a matter of law from the undisputed evidence that Snowden believed and relied upon the appearance, made

or caused by Polis, that the wells on such lease then produced twenty (20) barrels or more of oil daily, and was induced by such appearance to purchase said lease from Polis. Accordingly, plaintiff moves the Court to find as a matter of law from the undisputed evidence in the record that plaintiff did believe and rely upon such appearance, and was induced thereby to purchase such lease from Polis."

Snowden prayed:

" * * * plaintiff prays that the negative finding of the jury in answer to Special Issue No. 4 be disregarded, that the court find affirmatively the facts recited in said Issue No. 4, and that judgment be entered for plaintiff upon the remaining findings of the jury to Special Issues Nos. 3, 5, 6, and 8, and for such other orders and relief as may be just and proper."

The following order was entered by Judge Fuchs following a hearing on the motions for judgment:

"Order Declaring Mistrial and Directing New Trial of Cause

"On this 14th day of February, 1958, the respective motions of plaintiff, B. F. Snowden, and of defendants, A. K. Polis and C. O. Hagan, for judgment upon the jury verdict returned in open Court in this cause on January 28, 1958, in answer to Special Issues submitted to the jury by the Court, came on regularly to be heard by the Court after notice to and waiver of notice by the respective parties. The plaintiff appeared in person and through his attorney of record, the defendant, A. K. Polis, appeared in person and through his attorneys of record, and announced ready for the hearing of their respective motions. Thereupon the Court read carefully and considered fully the respective motions for judgment of plaintiff and of each defendant, together with the arguments of

counsel thereon; and after due deliberation and consideration thereof the Court is of the opinion and finds that each of such motions should be denied and overruled, and that the interests of justice require the Court to declare a mistrial herein and direct a new trial of this cause on its merits. The reason being that the court erred in the charge.

"Accordingly, it is ordered, adjudged and decreed by the Court that the respective motions of plaintiff, B. F. Snowden, and of defendants, A. K. Polis and C. O. Hagen, each is hereby overruled and denied; and the Court declares a mistrial herein, in the interests of justice, and orders and directs a new trial of the merits of this cause."

Judge Fuchs has filed a motion to dismiss these proceedings from which we quote:

"Exhibit 'F' purporting to represent correctly said order of the trial court dated February 14, 1958, as certified by the District Clerk of Caldwell County, is erroneous and incorrect in that the judgment announced by the Court on February 14, 1958, and said order as filed on March 1, 1958, and as recorded in the Civil Minutes of the 155th District Court of Caldwell County, Texas, does not recite: 'The reason being that the court erred in the charge.', but said order actually contains the statement: '*One* reason being that the court erred in the charge,' inasmuch as this respondent, as the Presiding Judge in the trial court, announced numerous additional reasons for declaring a mistrial and directing a new trial of the cause on its merits in the interests of justice, among them being that the court probably erred in failing to submit to the jury material issues as raised by the pleadings; the probable error of the court in submitting to the jury erroneous issues be-cause of the lack of evidence or the insufficiency of evidence to warrant submission of such issues; the lack of evidence and insufficiency of evidence to support the findings of the jury in answer to some of the issues submitted; that prejudicial error resulted because of an unavoidable recess of ten days interrupting and delaying the trial of the cause; that properly construed in the light of the evidence there exists a conflict in the findings of the jury to Special Issues Nos. 4 and 8; and that some of the jury findings are contrary to the overwhelming weight of the credible evidence. The fact is that the order of the court involved herein, dated February 14, 1958, did not contain either of the sentences quoted above when it was signed by the court on February 28, 1958, nor when said order was filed herein on March 1, 1958; but on March 3, 1958, this respondent, as presiding judge in this cause in the trial court, was requested by Mr. Weldon Fielder to write into said judgment a specific reason why a mistrial was declared and a new trial of this cause was ordered, whereupon this respondent in his own handwriting wrote into said judgment the sentence: 'One reason being that the court erred in the charge.', which was done without notice to the attorneys of record for plaintiff B. F. Snowden. A certified copy of said order as actually entered on the Civil Minutes of the Court is attached hereto and made a part hereof for all pertinent purposes.

"IV.

"Because of the reasons announced by this respondent as presiding judge in open court, on February 14, 1958, when the court declared a mistrial herein and directed a new trial of this cause on its merits in the interests of justice, the court acted on its own motion because of the conviction that numerous grounds existed on which

the court would be compelled to grant a new trial herein on the motion of either party hereto, and it would be an absurdity for the court to enter judgment for either party herein on the findings of the jury when the court was convinced that the existence of errors during the trial would compel the granting of a new trial. (See Rule 300, Texas Rules of Civil Procedure and M[issouri—] K[ansas—] T[exas] Ry. Co. [of Texas] v. Brewster, District Judge (Tex.Com.App.1934) [124 Tex. 244], 78 S.W.2d 575.)"

We accept as true all factual statements made by Judge Fuchs in the above quotation from his motion.

Respondent Snowden has answered with averments similar to those made by Judge Fuchs and we need not elaborate upon them.

The law which we follow and apply is clearly stated in Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875, 876, as follows:

"Our statutes provide that 'a special verdict * * * shall, as between the parties, be conclusive as to the facts found.' Article 2202, R.C.S., 1925. They also provide that 'where a special verdict is rendered * * * the court shall render judgment thereon unless set aside or a new trial is granted' (article 2209, R.C.S., 1925), and that the insufficiency of the testimony 'to warrant the submission of an issue may be complained of for the first time after verdict' (article 2190, R.S. C., 1925). Under these provisions the trial court in the exercise of discretion may set aside a verdict on special issues without having first rendered judgment thereon, and we are of opinion that it may do so, though no specific complaint is made by a party to the suit. The judge of the court, however, has no arbitrary right to refuse to enter judgment on a verdict which constitutes a finding on all the facts tendered in the pleadings necessary to the rendition of judgment. And, when it appears from the verdict itself and the order refusing to render and enter judgment thereon that such refusal is arbitrary and not based on the exercise of discretion, mandamus will lie to require entry of judgment. In such case the action of the judge is in effect a refusal to proceed to judgment in the trial of the cause." [1]

This case as well as Cheswick v. Moorhead, Tex.Civ.App., Galveston, 224 S.W.2d 898, mandamus overruled by Supreme Court, and authorities therein cited hold that the Trial Court may on his motion set aside a jury verdict or accomplish the same end by granting a new trial.

We are not wholly dependent here, however, upon that rule because by the motion for judgment filed by Snowden the jurisdiction of the Trial Court to exercise judicial discretion was invoked in that the appraisal of evidence, or the lack of it, was expressly sought. This required Judge Fuchs to exercise a judicial, not a ministerial, function.

While Snowden sought rendition of judgment in his behalf upon the setting aside of the answer to Issue 4 the Court was not required to grant this relief. There may have been some evidence, although insufficient, to support the jury answer to this issue or the case may not have been fully developed as to it. In any event the Trial Court concluded that the "interests of justice" required the verdict to be set aside and a new trial awarded. This conclusion was reached from a consideration of the entire trial proceedings which are not before us. It necessarily follows that arbitrary conduct on the part of Judge Fuchs in refusing to render judgment on the verdict is not shown.

1. In lieu of the statutes enumerated in this quotation see corresponding Rules of Civil Procedure Nos. 290, 300 and 279, respectively.

Authorities which support our decision are: Trevino v. Doughty, Tex.Civ.App. San Antonio, 311 S.W.2d 276; Southwestern Bell Telephone Co. v. Shell, Tex.Civ. App. Fort Worth, 266 S.W.2d 476; Cheswick v. Moorhead, Tex.Civ.App. Galveston, 224 S.W.2d 898, mandamus overruled by S. Ct.; O'Meara v. Moore, 142 Tex. 350, 178 S.W.2d 510; Missouri-Kansas-Texas R. Co. of Texas v. Brewster, Tex.Com.App., 124 Tex. 244, 78 S.W.2d 575; Anchor v. Martin, 116 Tex. 409, 292 S.W. 877; First National Bank of Rule v. Chapman, Tex.Civ.App. Fort Worth, 255 S.W. 807.

We will now notice the principal cases upon which relators rely.

Anderson v. Blalock, Tex.Civ.App. San Antonio, 272 S.W.2d 741:

In this case the Trial Court overruled motions of both parties one for judgment on the verdict and one to disregard certain jury findings and for judgment and granted a mistrial because the Court did not think the case was "well tried."

The Appellate Court in this case did not cite Rule 300, T.R.C.P. upon which we rely. In our opinion the necessary effect of declaring a mistrial after jury verdict is returned is to set aside the verdict; the first being the equivalent of the latter.[2]

The Blalock case is distinguishable from this case in that the reason assigned by the Court for declaring a mistrial—that the case was not well tried—did not reflect that the Court acted in the exercise of judicial discretion and was not a valid reason for his action. It appears then that the action of the Court in refusing to enter judgment on the verdict was arbitrary and subject to control by mandamus. Cortimeglia supra.

Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731, 733:

This case is readily distinguishable. We quote from it:

"It is apparent from the verdict, the motion, and the court's order, that the only action requested of, and taken by, the trial court was to determine whether there was conflict in the jury's findings with respect to any fact essential to the rendition of a final judgment. The cause therefore is ruled by Gulf, C. & S. F. R. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, and Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875, 876, rather than by the authorities relied upon by respondents; and to this cause is applicable the rule thus stated in the case last cited: 'The judge of the court, however, has no arbitrary right to refuse to enter judgment on a verdict which constitutes a finding on all the facts tendered in the pleadings necessary to the rendition of judgment. And, when it appears from the verdict itself and the order refusing to render and enter judgment thereon that such refusal is arbitrary and not based on the exercise of discretion, mandamus will lie to require entry of judgment. In such case the action of the judge is in effect a refusal to proceed to judgment in the trial of the cause.'"

W. T. Rawleigh Co. v. Sims, Tex.Civ. App. Amarillo, 108 S.W.2d 332:

In this case it was held that mandamus would be granted where the County Judge refused to enter a judgment on a jury verdict on the ground that the verdict was not complete. Disagreeing with this conclusion the Appellate Court ordered entry of a judgment. The action of the County Court, in the premises, was arbitrary and controllable by mandamus.

Friske v. Graham, Tex.Civ.App. San Antonio, 128 S.W.2d 139:

2. In O'Meara v. Moore, supra [142 Tex. 350, 178 S.W.2d 514], the Court stated that the Trial Judge in declaring a mistrial: "took what was apparently 'a short cut' to bringing about another trial of the case."

In this case the Trial Court declared a mistrial, on his own motion, solely on the ground that there were conflicting jury answers to issues. Finding the Trial Court to be in error in this regard the Court of Civil Appeals held the entry of a judgment was a purely ministerial duty and awarded the writ of mandamus.

Woodmen of the World Life Ins. Co. v. Davenport, Tex.Civ.App. Eastland, 158 S. W.2d 913:

In this case the record did not show upon what grounds the Court overruled a motion for judgment on the verdict and declared a mistrial. The Appellate Court held that the discretionary powers of the Trial Court not being invoked his duty to enter judgment on a complete jury verdict was ministerial and awarded mandamus.

Royal Crown Bottling Co. v. Smith, Tex. Civ.App. San Antonio, 254 S.W.2d 225:

In this case the Trial Court refused to enter judgment on the verdict solely on the ground that the jury answers to issues were in conflict. Mandamus was awarded by the Appellate Court upon determining that there were no conflicting issues. The Court there carefully pointed out that it was not called upon to pass upon the sufficiency of the evidence to support the jury verdict.

It is our opinion that none of the cases cited by relators is in conflict with our decision here that Judge Fuchs in declaring a mistrial and granting a new trial acted in a discretionary judicial capacity and that it is not within our power to revoke his action by issuing a writ of mandamus compelling him to enter judgment on a verdict which he had set aside for legally sufficient reasons.

Mandamus denied.

On Relators' Motion for Rehearing

Relators say, in view of our opinion, it will behoove all trial judges who set aside a jury verdict to state no reasons therefor and thus avoid the possibility of being required to enter judgment on the verdict. This is not our holding.

Such was the holding in Trevino v. Doughty, Tex.Civ.App., 311 S.W.2d 276. Contra: Woodmen of the World Life Ins. Co. v. Davenport, Tex.Civ.App., 159 S.W. 2d 913.

We are not called upon to choose between these diverse opinions.

The reasons assigned by Judge Fuchs in his original order was that there was error in the charge. By his pleading herein Judge Fuchs has amplified this language, if it needed amplification, by stating that errors in the charge included the submission of issues not properly raised by the evidence. It is error to submit controlling issues not raised by the evidence. Rule 279, T.R.C.P. See Morton Salt Co. v. Lybrand, Tex.Civ.App. Dallas, 292 S.W. 264, writ dismissed, w. o. j. The same rule provides also that this error may be complained of for the first time after verdict.

Judge Fuchs either on his own motion or being activated by motions filed by the parties has set aside the jury verdict for reasons which are ostensibly valid. Such action was in the exercise of judicial discretion not shown to be arbitrary.

The motion is overruled.

Motion overruled.