Wood NASH, Relator,

v.

Honorable Joe J. FISHER, Herrin Transportation Company and W. K. Smith, Respondents.

No. 6309.

Court of Civil Appeals of Texas.

Beaumont.

May 21, 1959.

Rehearing Denied June 3, 1959.

McDaniel, Hunt & Fairchild, Center, for relator.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for respondents.

McNEIL, Justice.

This is a petition for writ of mandamus seeking to have set aside an order granting a motion for new trial in a cause hereinafter described, by relator Wood Nash against Hon. Joe J. Fisher, District Judge, respondent, in which Herris Transportation Company and W. K. Smith were joined as respondents. The petition alleges that a suit for personal injuries growing out of a traffic accident was filed by relator Wood Nash in Cause No. 16,331 v. Herrin Transportation Company and W. K. Smith in the District Court of Shelby County and the regular judge of that court being disqualified, Hon. Joe J. Fisher, Judge of the 1st Judicial District, heard the case. The trial began October 27, 1958 and the verdict of the jury was returned and filed on October 30, 1958. These proceedings were during the July, 1958, term. The November term began November 3, 1958. On November 5th relator filed his motion for judgment; November 7th respondents Herrin Transportation Company and W. K. Smith filed motion for mistrial; December 10th judgment was rendered for relator against these respondents and their motion for mistrial was then overruled. These two respondents filed their original motion for new trial on December 18, 1958, in said cause and on January 6, 1959, filed their amended motion for new trial. On January 31, 1959, relator filed answer to the amended motion for new trial contending that the instrument called motion for mistrial by respondents Herrin and Smith was in law a motion for new trial and they could not urge a second one. A hearing was on that date held on the motion for new trial and answer. At the conclusion of this hearing the court stated he would like to postpone his decision on the motion until March 7, 1959, if it was agreeable with the parties to said suit. The parties thereupon indicated their approval and reduced their agreement to writing, which was signed and filed as follows:

"Come now the plaintiff, Wood Nash, by and through his attorneys of record, and Herrin Transportation Company and W. K. Smith, defendants, by and through their attorneys and stipulate and agree that inasmuch as a hearing was had on defendants' motion for new trial on January 31, 1959, and the business of the Court will not permit a decision within the time prescribed under the Texas Rules of Civil Procedure, the parties do hereby agree that the decision of the Court on the defendants' Amended Motion for new trial in this cause may and it is hereby postponed through March 7, 1959, at which time the Court shall pronounce his decision.

"By so agreeing, it is further agreed that the plaintiff does not waive any of his rights in connection with his answer to defendants' Amended Motion for new trial which answer was filed on or about January 31, 1959.

"Witness our hands this 4th day of February, 1959."

The November, 1958, term of the court ended at the beginning of the March, 1959, term which began March 2, 1959. On March 7, 1959, the date provided for in the above stipulation, Judge Fisher granted respondents' amended motion for new trial, the action of which relator here complains.

Relator contends that this action of the court in granting a new trial is void for two reasons. The first is that since the motion for mistrial filed by respondents at interest on November 7, 1959, was actually a motion for new trial and the court having overruled it immediately following the granting of judgment for relator on December 10, 1958, and no other action was taken by the court in connection with said judgment until more than 30 days thereafter, and no appeal was perfected therefrom by respondents at interest, that said judgment became final and the court lost jurisdiction thereof, and the filing of respondents' motion for new trial on December 18, 1958 and their amended motion for new trial on January 6, 1959, were prohibited by Rule 329–b, Texas Rules of Civil Procedure. Respondents' motion for mistrial contained three grounds: (1) a witness for relator, D. C. Hall, on the trial stated on cross-examination that the matter being inquired about was "the statements of the insurance adjuster" which thereby interjected insurance in the case and when considered in the light of the argument to the jury by one of relator's counsel was error causing manifest prejudice against respondents. (2) The uncontroverted evidence showed that relator (plaintiff) had placed himself at a place where he could be injured by the vehicles involved, and the jury's answer to Issue 13 deprived respondents of the right to affirmative submission of their issues on negligence and proximate cause. (3) While the uncontroverted evidence established that relator's agent, D. C. Hall, caused the truck to stop suddenly, the jury found that he did not do so, thus depriving respondents of submission and findings upon the related issues of negligence and proximate cause.

In the light of the above, let us examine relator's first contention—that the motion for mistrial was actually one for new trial and should be so construed. Making this contention relator urges that the designation given by respondents to the motion filed by them as one "for mistrial" on November 7, 1958, and by the court in its order dated December 10, 1958, overruling the "motion for mistrial" should be disregarded as it was actually one for "new trial." We do not agree. By virtue of the language of Rule 300, T.R.C.P. (formerly Art. 2209, R.C.S.1925), a trial court after verdict and before judgment in a case submitted on special issues, has authority to set aside the verdict and grant a retrial of the case. Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Polis v. Fuchs, Tex.Civ.App., 315 S.W.2d 577. In doing so the court's action may properly be called granting a mistrial. Cortimeglia v. Herron, Tex.Civ.App., 281 S.W. 305. It was therefore appropriate for respondents, who deemed the verdict tainted with errors, to bring these alleged errors again to the court's attention before a judgment was prepared and entered on the verdict. A motion for mistrial is an appropriate way to do this. In urging the trial court to order a mistrial because of the testimony of the witness that he had talked with the insurance adjuster, thus interjecting insurance coverage in the case, when connected with counsel's argument, respondents were acting diligently and their action in so doing may have saved the court's time in argument upon and entry of judgment, as well as time consumed in hearing the motion for new trial. The trial court did not sustain respondents' motion but he did later sustain their motion for new trial. In view of this we do not consider the motion for mistrial to have been lightly made, and, having been timely filed and having been construed by both respondents at interest and by the court as a motion for mistrial, we think injustice would be done to hold it to be a motion for a new trial. Houston Lighting & Power Co. v. Boyd, Tex.Civ.App., 114 S.W.2d 934. While Rule 71, T.R.C.P., provides that the court may disregard inaccuracies

in names of pleadings "if justice so requires", it is not required in this instance. If the motion contained a point or so that may have been appropriate only for new trial, which however may be doubted (See Polis v. Fuchs, supra), this is not a controlling factor here. Since under Rule 306c a motion for new trial filed prematurely is effective as such only from the date of judgment and the motion at issue was overruled simultaneously with, or immediately after the judgment was signed, to hold it one for a new trial would be a miscarriage of justice; in fact if relator's position be correct, the motion "died a-borning". Relator's first contention is overruled.

The other contention or reason for mandamus urged by relator is that the order of March 7, 1959, granting respondents a new trial was void because this action was taken at the second succeeding term after the verdict was returned into open court and filed at the July term, 1958, the term at which the trial started, and there having been no order of the district court made extending the next succeeding or November 1958 term, all power and jurisdiction over the case was lost and the order granting the new trial was therefore void. The point relator contends for is that if a trial is started at one term it must be wholly completed at the next succeeding term, including action on the motion for new trial, unless the second term is extended by order of the court.

■ The district court of Shelby County has three continuous terms. Vernon's Ann.Civ.St. Art. 199, district 123, as amended. See V.C.S. Art. 1919, as amended. Since the terms of the district court in Shelby County are continuous, Rule 330, T.R.C.P., except as to motions for new trial, is applicable. Pelham v. Sanders, Tex.Civ.App., 290 S.W.2d 684. And since this rule applies, Art. 1923, R.C.S., requiring the court to extend the term at which the trial begins into the next succeeding term by an order entered in the minutes

has no application. Dazey v. Dazey, Tex. Civ.App., 265 S.W.2d 166; Coats v. Garrett, Tex.Civ.App., 283 S.W.2d 289; Pelham v. Sanders, supra.

■ Effective January 1, 1955, Rule 329–b controls the procedure and disposition of motions for new trial in all district courts of the state. This rule therefore applies to the case at bar. In Par. 6 of this Rule it is provided:

"6. In district courts having continuous terms, that is, successive terms in a county throughout the year, without more than two days intervening between any such terms, the following rules shall apply:

"(a) A motion for new trial filed during one term of court may be heard and acted upon at the next term of court.

"(b) No motion for new trial shall be considered as waived or overruled because not acted upon at the term of court at which it was filed, but may be acted upon at any time within the next term of court agreeable to the provisions of this Rule 329–b."

Par. 3 of this Rule provides:

"3. All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

■ In view of the quotations from this Rule above set out, we hold that the court had authority to grant the new trial when he did without having made an order under Art. 1923 extending the November 1958 term. The case of Turner v. Texas Sportservice, Inc., Tex.Civ.App., 312 S.W. 2d 388, holds that when a case is tried through to the verdict of the jury at one

term and judgment rendered the next term, and a motion for new trial thereafter is timely filed and the time during which it was pending extended into the second succeeding term, the court then had the authority to grant the motion for new trial under Rule 329–b, T.R.C.P. The only difference between this case and the one now before us is that the motion for new trial in the Turner case was acted upon within 45 days of its filing whereas the motion in the instant case was acted upon after that period of time, under a condition created by written agreement of the parties as permitted by Par. 3 of Rule 329–b. Relator argues that the parties themselves have no right or power by agreement to extend the term of court but say this may be done only by the trial court acting under authority of Art. 1923. In our opinion, the parties by such agreement are not extending the term of court. By agreement they simply create a set of circumstances permitted by the rule that makes subds. (a) and (b), Par. 6 of Rule 329–b applicable to this case. In view of the language of these subdivisions no order extending the term of court under Art. 1923 would be appropriate.

Much stress is laid by relator upon the holding of the Supreme Court in British General Ins. Co. v. Ripy, 130 Tex. 101, 106 S.W.2d 1047, which held under subd. 28 of Art. 2092, Vernon's Civil Statutes, as amended in 1930, that after trial to verdict at one term the court has no authority, at the second succeeding term, without having extended the first succeeding term by order of the court to render judgment, because of the language in subd. 28 "If a case or other matter is on trial or in process of hearing when the term of Court expires, such trial, hearing, or other matter may be proceeded with at the next term of the Court." Since by force of this rule the trial could extend automatically only into the "next" term any judgment rendered at still a later term would be void. This is the holding also in Coats v. Garrett and Pelham v. Sanders, supra. However, the Supreme Court in amending subd. (j) of

Rule 330, effective January 1, 1955, clearly divorced motions for new trial from the limitation "at the next term of court" of subd. (j) which was formerly subd. 28 of Art. 2092 in this language:

"This subdivision is not applicable to original or amended motions for new trial which are governed by Rule 329–b."

Mandamus is denied.