**CITY OF PERRYTON, Texas, Relator,**

v.

**Honorable Max W. BOYER et al.,
Respondents.**

**No. 7813.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 2, 1968.

Lemon, Close & Atkinson, R. D. Lemon, Perryton, for relator.

Linn & Helms and Richard N. Countiss, Spearman, for respondents.

DENTON, Chief Justice.

This is a mandamus proceeding brought by the City of Perryton, Relator, seeking to compel Honorable Max W. Boyer, District Judge, to set aside his order granting a new trial and to re-enter judgment in Cause Number 3029 in their favor. Other respondents named in this cause are Gene E. Steed and wife, Marvel J. Steed; Delbert Trew and wife, Tressie O'Leen Trew, plaintiffs in the suit below.

The suit below was one for alleged damages to the plaintiffs' land resulting from the construction of a drainage channel by the City of Perryton. In response to Special Issues, the jury found: (1) the drainage canal diverted surface waters from its natural course upon plaintiffs' land in excessive quantities; (2) that such diversion of the surface waters did not damage the land; (3) that the construction of the channel was not a proximate cause of damage to plaintiffs' land; (4) that the difference in the reasonable market value of the land before and after the construction of the drainage channel was $12,800.00. Upon this verdict, the trial court entered judgment for the defendant and ordered that plaintiffs take nothing. The plaintiffs timely filed a motion for new trial, setting out as grounds therefor jury misconduct and conflicting answers, among others. The trial court, after hearing the motion, granted the new trial on the sole ground of jury misconduct.

It is relator's position that it was entitled to a judgment on the record; that it obtained such a judgment and that the granting of a motion for a new trial did not involve the discretion of the trial court. That is, the trial court's failure to set aside the order granting the motion for new trial and reinstating the judgment was a ministerial omission and did not constitute a discretionary duty of the court.

It is a well settled general rule that an appellate court will not review by mandamus an action of the trial court granting a new trial while that court still has jurisdiction of the case. The discretion of the trial court in granting a new trial cannot be reviewed by mandamus. Angelina Casualty Co. v. Fisher (Tex.Civ. App.) 319 S.W.2d 387; Trevino v. Doughty (Tex.Civ.App.) 311 S.W.2d 276. The authority of Courts of Civil Appeals to issue writs of mandamus is limited to that given in Articles 1823 and 1824, Vernon's Ann. Tex.Ann.Civ.St. These articles authorize the issuance of such writs where necessary to enforce their jurisdiction or to direct a District or County Court to proceed to trial and judgment in a case.

In our opinion, the question of this court's authority to issue a writ of mandamus is controlled by Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330. In that case the Supreme Court held there are only two instances where the appellate courts have directed a trial court to set aside its order granting a motion for new trial. These are:

"(1) When the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and

(2) Where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting."

Neither of these two situations exist in this case. It is undisputed the new trial was granted in termtime; and the new trial was granted on the sole specific ground of jury misconduct.

It is also well settled that in determining whether jury misconduct proba-

bly resulted in injury to the party complaining thereof, the court must exercise sound discretion. Sullivan v. Lydick Roofing Co. (Tex.Civ.App.) 378 S.W.2d 419 (Ref.N.R.E.); Allan v. Materials Transportation Co. (Tex.Civ.App.) 372 S.W.2d 744. It is thus clear the granting of a new trial on the ground of jury misconduct was discretionary with the trial court. The court's failure to set aside that order and re-enter judgment for relator was not a ministerial duty. This court can issue writs of mandamus only in a case where the entering of a judgment by the trial court is a ministerial duty. Walker v. Lindsey (Tex.Civ. App.) 298 S.W.2d 195; Kennann v. Nelson (Tex.Civ.App.) 278 S.W.2d 335.

The petition for a writ of mandamus is refused.