**ROD RIC CORPORATION, Relator,**

v.

**William H. EARNEY, Judge, 83rd District Court, Respondent.**

**No. 08–83–00081–CV.**

Court of Appeals of Texas,
El Paso.

May 11, 1983.

John E. Gunter, Rassman, Gunter & Boldrick, Midland, for relator.

Charles M. Haden, J.L. Hinojosa, Brown & Haden, Houston, for respondent and real party in interest.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

WARD, Justice.

The Relator seeks mandamus requiring the Judge of the 83rd Judicial District Court, Pecos County, Texas, to set aside his order declaring a mistrial and to enter a final judgment based on the jury's verdict in Cause No. 4236 entitled *Mario Hurtado v.*

*Rod Ric Corporation.* The mandamus will be denied.

The case of *Mario Hurtado v. Rod Ric Corporation* went to trial on January 31, 1983, in the 83rd Judicial District Court and was concluded with a jury verdict finding the defendant, Rod Ric Corporation, negligent in failing to keep a proper lookout which was a proximate cause of the accident in question and which awarded damages in the total sum of $289,000.00. There is no question but that the verdict was complete in every respect and would have authorized a judgment being entered in favor of the plaintiff, Mario Hurtado. The verdict was accepted by the Respondent trial judge and filed with the other papers in said cause.

Before judgment was entered, the plaintiff filed a motion for mistrial and alleged as grounds that the damages awarded were manifestly too small as contemplated by Rule 328, Tex.R.Civ.P., that the award did not fairly and reasonably compensate the plaintiff for his damages, and the award was manifestly unjust and motivated by bias and prejudice. The defendant in the case and the Relator here, Rod Ric Corporation, thereafter filed its response to the plaintiff's motion for mistrial and its motion for judgment. On March 3, 1983, arguments were heard on the motion for mistrial, and on the same date the trial judge entered an order granting the mistrial. The Relator then filed its motion to set aside the order granting the mistrial and for judgment in accordance with the jury's unanimous verdict. Rod Ric Corporation as Relator has now presented its Petition for Writ of Mandamus to compel the Respondent to perform his ministerial duty and to render judgment in accordance with the unanimous jury verdict and to set aside the order of mistrial. Based on the allegations contained in the petition, this Court granted the motion for leave to file the petition, and hearing on the matter was ordered.

The Relator's position is similar to that taken by the relator in *Ware v. Marquez,* 511 S.W.2d 594 (Tex.Civ.App.—El Paso 1974, no writ). There, Chief Justice Preslar stated the following:

The authority of Courts of Civil Appeals to issue writs of mandamus is limited to that given by Articles 1823 and 1824, Vernon's Tex.Rev.Civ.Stat.Ann. These articles authorize the issuance of such writs where necessary to enforce their jurisdiction or to direct the District or County Court to proceed to trial and judgment in a case. Relator relies on the rule of law that if there is no irreconcilable conflict in a jury's findings it is the ministerial duty of the Judge to enter a judgment on the verdict and the matter involves no judicial or discretionary power. *Traywick v. Goodrich,* 364 S.W.2d 190 (Tex.Sup.1963); *Texas State Board of Examiners in Optometry v. Carp,* 388 S.W.2d 409 (Tex.Sup.1965). The cases are numerous in which Courts of Civil Appeals have announced and followed this rule _ _ .

Innumerable cases of the Courts of Civil Appeals were cited in that opinion, to which we now add the Relator's additional authorities of *Highlands Insurance Company v. Baugh,* 605 S.W.2d 314 (Tex.Civ.App.— Eastland 1980, no writ); *Anheuser-Busch, Inc. v. Smith,* 539 S.W.2d 234 (Tex.Civ.App. —Houston [1st Dist.] 1976, no writ).

As stated in 4 McDonald, Texas Civil Practice sec. 17.28 at p. 191:

Should the trial judge violate a clear duty to render judgment on the verdict, he may be compelled by mandamus to act. The court of civil appeals or any judge thereof may grant such a writ directed to a district or a county judge _ _ _ _.

Mandamus will be granted when the trial judge incorrectly grants a mistrial, or refuses to render judgment, or having rendered a judgment sets its aside, solely because of mistaken belief that the verdict is insufficient to support a judgment. Mandamus has also been granted when the court declared a mistrial, coupled with the finding that the defendant had prevailed on the only ground of recovery raised by the plaintiff's pleadings.

These cases aside, we are of the opinion that we do not have the authority to issue

the writ under the circumstances in this case, as here the trial court's action refusing to enter judgment is based upon a ground other than the insufficiency of the verdict to support the judgment. McDonald, supra at 194. Here, the trial judge has exercised his sound discretion under the powers given him by Rule 328, Tex.R.Civ.P., which provides that new trials may be granted when the damages are manifestly too small.

In the area of new trials, this Court's authority to issue a Writ of Mandamus is controlled by *Johnson v. Court of Civil Appeals,* 162 Tex. 613, 350 S.W.2d 330 (1961). There, the Supreme Court held that there are only two instances where the appellate court has directed a trial court to set aside its order granting a motion for new trial. These are "(1) [w]hen the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and (2) [w]here the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting." Neither of these two situations exist in this case. Here, before the entry of judgment, a mistrial was granted on the sole specific ground that the damages were manifestly too small. On that, the trial court has declared a mistrial. As stated in *Jones v. Smith,* 470 S.W.2d 305 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ), it would be futile to require the trial court to render a judgment which it could promptly nullify by granting a new trial. See: *Trevino v. Doughty,* 311 S.W.2d 276 (Tex.Civ.App.—San Antonio 1958, no writ); Rule 300, Tex. R.Civ.P.

The application for mandamus is denied.