NO. 07-01-0371-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 30, 2001

_____


IN RE RESHAWN L. JOHNSON, RELATOR

_____


Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON MOTION FOR REHEARING


Relator Reshawn L. Johnson has filed a motion for rehearing of our opinion overruling his petition for writ of mandamus in which he asks us to order the Honorable Bradley S. Underwood, Judge of the 364th District of Lubbock County, to issue a ruling on his "Motion for Intra-Loan for Trial Court Transcript." Relator seeks a copy of that transcript so that he can file a pro se application for writ of habeas corpus. He asserts that he has attempted to contact his appellate attorney to obtain a copy of the record, but has received no response. We overruled relator's petition for writ of mandamus because he failed to show that a motion was actually presented to the trial court and that the court had or had not ruled on the motion.

In his motion for rehearing, relator has attached copies of his motion for loan of the trial court transcript and a letter from the trial court in which the court refuses to provide another transcript to relator at taxpayer expense because he was represented by counsel on appeal. In his motion for rehearing, relator also requests the preparation of a record of his actions at the trial court level. We have since received a copy of the clerk's record showing that relator did indeed file a "Request for Intra Loan for Trial Court Transcript and Statement of Facts" in which he moved the court to forward the transcript to the prison warden for 30 days. The record also contains the letter from the trial court (without a file stamp) denying that request, but there has been no order or judgment signed by the trial court. Since the trial court's letter, relator has filed an additional document with the court requesting "a ruling."

Mandamus will issue only when there is a legal duty to perform a nondiscretionary act, a demand for performance, and a refusal. *Harris County v. Walsweer*, 930 S.W.2d 659, 667 (Tex.App.--Houston [1st Dist.] 1996, writ denied). For purposes of a petition for mandamus relief, consideration of a motion properly filed and before the court is ministerial. *Kozacki v. Knize,* 883 S.W.2d 760, 762 (Tex.App.--Waco 1994) (orig. proceeding). However, the court has apparently considered the motion in this instance because it announced a decision by letter dated July 26, 2001, which appears as part of the clerk's record. *See Henry v. Cullum Companies, Inc.,* 891 S.W.2d 789, 792 (Tex.App.-- Amarillo 1995, writ denied).

Nevertheless, relator asserts that the court's letter does not constitute an order. Once a judgment is rendered, the reduction to writing is purely a ministerial act. *Harper v. Welchem, Inc.,* 799 S.W.2d 492, 494 (Tex.App.--Houston [14th Dist.] 1990, no writ). A court of appeals can issue a writ of mandamus in a case where the entry of an order or judgment is a ministerial duty. *Palacios v. Rayburn,* 516 S.W.2d 292, 293-94 (Tex.Civ.App.--Houston [1st Dist.] 1974) (orig. proceeding); *City of Perryton v. Boyer,* 423 S.W.2d 170, 172 (Tex.Civ.App.--Amarillo 1968) (orig. proceeding). Therefore, because the court's letter was dated over four months ago and no order has yet been entered by the court, we will conditionally grant relator's petition.

Thus, relator's motion for rehearing is granted, and our prior judgment is withdrawn. We conditionally grant relator's petition seeking mandamus. However, because we are confident the trial court will enter the order in question, the writ will issue only if it refuses to do so.

John T. Boyd
Chief Justice

Do not publish.

3