NO. 07-08-0123-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2008
______________________________

In re MARY JANE BARTON,

                                                                                                 Relator
_________________________________

Original Proceeding
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Pending before the court is a petition for writ of mandamus filed by Mary Jane
Barton. She requests that we order the Honorable John B. Board, 181st Judicial District
Court (trial court) to amend its order granting a partial new trial to include retrying the “issue
of [B.B.’s] domicile.” We deny the petition.
          Per its final decree signed on December 7, 2006, the trial court granted Mary Jane
and William Barton a divorce. So too did it address who would have custody of their only
child, B.B. Both were named joint conservators. Yet, the trial court ordered that “the
primary residence of the child shall be Potter or Randall County,” that the child could not
be removed from those counties “for the purpose of changing the primary residence of the
child” without court approval, that Mary Jane “shall have the exclusive right to designate
the child’s primary residence within Potter or Randall County,” and that “this geographical
restriction on the residence . . . shall be lifted if . . . .” William moves from those counties.
          Within a month of the judgment’s execution, William sought a new trial requesting
“that primary custody of the child be modified to give [William] the right to determine the
residence of the child until such time as [Mary Jane] gives her official notice of change of
residence . . .” to Potter or Randall Counties. Apparently, William lived within the environs
of Amarillo, Texas, while Mary Jane lived in Gilmer, Texas. Furthermore, a change in
custody was needed, he believed, because Mary Jane had not taken sufficient steps to
change her “‘permanent residence’” to Amarillo; that is, she had yet to buy a house, lease
an apartment, or make arrangements for the child’s daycare or preschool. Nor was she
seeking employment in the area; instead, she continued to work in Gilmer. Given these
factual allegations and the tenor of his motion, we see that William was not complaining
about the child having to live in either Randall or Potter County. Nor was he complaining
about he and his ex-wife having joint custody over the child. Indeed, the concept of his
wife having the “exclusive right to designate the child’s primary residence within” either
county was not truly at issue. Rather, and until Mary Jane ultimately exercised her power
to determine where in Randall or Potter Counties the child would live, he wanted to have
the authority to designate the place. New trial was granted only to that extent, via an order
signed on February 16, 2007. 
          On March 14, 2007, Mary Jane moved the trial court to amend its order granting
new trial to include the matter forming the basis of her request for mandamus. Again, that
matter is whether new trial should “include . . . the issue of [B.B.’s] domicile,” that is,
whether B.B.’s home should be geographically limited to some locale within Randall or
Potter Counties. This motion was denied.
          Years ago we held that an appellate court generally will not review, by mandamus,
an order granting new trial. City of Perryton v. Boyer, 423 S.W.2d 170, 171 (Tex. Civ.
App.–Amarillo 1968, mandamus overruled). Only two exceptions to the rule have been
recognized. One involves situations in which the order granting new trial is void (such as
when it is entered after the trial court’s jurisdiction expired), and the other encompasses
situations wherein the trial court orders new trial simply because the jury’s answers to
special issues were conflicting. Id., quoting, Johnson v. Court of Civil Appeals, 162 Tex.
613, 350 S.W.2d 330 (1961). Moreover, this rule remains viable. See Stolhandske v.
Stern, 14 S.W.3d 810, 815-16 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (reiterating
the same rule). Here, Mary Jane does not contend that the order granting new trial is void;
nor does it appear so given that it was entered before the trial court’s plenary jurisdiction
ended. As for conflicting jury answers, that ground appears nowhere in either the order or
motion for new trial. Consequently, we cannot interfere with the trial court’s discretion in
granting the partial new trial.
          We further note that we may deny mandamus relief to a dilatory party. In re Users
Sys. Servs., Inc. 22 S.W.3d 331, 337 (Tex. 1999). According to the documents appended
to Mary Jane’s motion, she waited almost three months to seek mandamus relief after the
trial court opted not to reconsider its decision. Moreover, she allowed approximately a
month to lapse between the time the trial court ordered a partial new trial and the date she
asked it to reconsider its decision. Why she so delayed in either situation went
unexplained. And, this is troublesome given that the needs and stability of a child are
implicated. 
          We also note that Mary Jane has cited us to no authority holding that a trial court
cannot order a new trial simply on the question of which parent should be given the
exclusive right to establish the child’s primary residence within a particular county. Nor did
our own research uncover such authority. So, it is difficult for us to conclude that the trial
court engaged in some clear abuse of discretion, which is required before we can issue
mandamus relief. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).
          Finally, it appears that the question of who has the right to establish the child’s
primary residence differs from whether to impose a geographic limitation on the exercise
of that right. The former affords one parent the discretion to follow his or her own choices
while the latter assures somewhat that the interests of the other parent in interacting with
the child will be protected. They are not the same issue and the evidence pertinent to one
need not be the same as the evidence pertinent to the other. So, contrary to Mary Jane’s
contention, we do not necessarily agree that it would be “unfair” to rehear one but not the
other. 
          Accordingly, the petition is denied.
 
                                                                           Brian Quinn
                                                                          Chief Justice