NO. 07-08-0123-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2008
_____

In re MARY JANE BARTON,

Relator
_____

***Original Proceeding***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is a petition for writ of mandamus filed by Mary Jane Barton. She requests that we order the Honorable John B. Board, 181st Judicial District Court (trial court) to amend its order granting a partial new trial to include retrying the "issue of [B.B.'s] domicile." We deny the petition.

Per its final decree signed on December 7, 2006, the trial court granted Mary Jane and William Barton a divorce. So too did it address who would have custody of their only child, B.B. Both were named joint conservators. Yet, the trial court ordered that "the primary residence of the child shall be Potter or Randall County," that the child could not be removed from those counties "for the purpose of changing the primary residence of the child" without court approval, that Mary Jane "shall have the exclusive right to designate the child's primary residence within Potter or Randall County," and that "this geographical restriction on the residence . . . shall be lifted if . . . ." William moves from those counties.

Within a month of the judgment's execution, William sought a new trial requesting "that primary custody of the child be modified to give [William] the right to determine the residence of the child until such time as [Mary Jane] gives her official notice of change of residence . . ." to Potter or Randall Counties. Apparently, William lived within the environs of Amarillo, Texas, while Mary Jane lived in Gilmer, Texas. Furthermore, a change in custody was needed, he believed, because Mary Jane had not taken sufficient steps to change her "'permanent residence'" to Amarillo; that is, she had yet to buy a house, lease an apartment, or make arrangements for the child's daycare or preschool. Nor was she seeking employment in the area; instead, she continued to work in Gilmer. Given these factual allegations and the tenor of his motion, we see that William was not complaining about the child having to live in either Randall or Potter County. Nor was he complaining about he and his ex-wife having joint custody over the child. Indeed, the concept of his wife having the "exclusive right to designate the child's primary residence within" either county was not truly at issue. Rather, and until Mary Jane ultimately exercised her power to determine where in Randall or Potter Counties the child would live, he wanted to have the authority to designate the place. New trial was granted only to that extent, via an order signed on February 16, 2007.

On March 14, 2007, Mary Jane moved the trial court to amend its order granting new trial to include the matter forming the basis of her request for mandamus. Again, that matter is whether new trial should "include . . . the issue of [B.B.'s] domicile," that is, whether B.B.'s home should be geographically limited to some locale within Randall or Potter Counties. This motion was denied.

2

Years ago we held that an appellate court generally will not review, by mandamus, an order granting new trial. *City of Perryton v. Boyer*, 423 S.W.2d 170, 171 (Tex. Civ. App.–Amarillo 1968, mandamus overruled). Only two exceptions to the rule have been recognized. One involves situations in which the order granting new trial is void (such as when it is entered after the trial court's jurisdiction expired), and the other encompasses situations wherein the trial court orders new trial simply because the jury's answers to special issues were conflicting. *Id.*, *quoting, Johnson v. Court of Civil Appeals*, 162 Tex. 613, 350 S.W.2d 330 (1961). Moreover, this rule remains viable. *See Stolhandske v. Stern,* 14 S.W.3d 810, 815-16 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (reiterating the same rule). Here, Mary Jane does not contend that the order granting new trial is void; nor does it appear so given that it was entered before the trial court's plenary jurisdiction ended. As for conflicting jury answers, that ground appears nowhere in either the order or motion for new trial. Consequently, we cannot interfere with the trial court's discretion in granting the partial new trial.

We further note that we may deny mandamus relief to a dilatory party. *In re Users Sys. Servs., Inc.* 22 S.W.3d 331, 337 (Tex. 1999). According to the documents appended to Mary Jane's motion, she waited almost three months to seek mandamus relief after the trial court opted not to reconsider its decision. Moreover, she allowed approximately a month to lapse between the time the trial court ordered a partial new trial and the date she asked it to reconsider its decision. Why she so delayed in either situation went unexplained. And, this is troublesome given that the needs and stability of a child are implicated.

3

We also note that Mary Jane has cited us to no authority holding that a trial court cannot order a new trial simply on the question of which parent should be given the exclusive right to establish the child's primary residence within a particular county. Nor did our own research uncover such authority. So, it is difficult for us to conclude that the trial court engaged in some *clear* abuse of discretion, which is required before we can issue mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Finally, it appears that the question of who has the right to establish the child's primary residence differs from whether to impose a geographic limitation on the exercise of that right. The former affords one parent the discretion to follow his or her own choices while the latter assures somewhat that the interests of the other parent in interacting with the child will be protected. They are not the same issue and the evidence pertinent to one need not be the same as the evidence pertinent to the other. So, contrary to Mary Jane's contention, we do not necessarily agree that it would be "unfair" to rehear one but not the other.

Accordingly, the petition is denied.


Brian Quinn
Chief Justice

4