

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00242-CV

IN THE INTEREST OF K.V.C.,
Q.V.C., AND V.C., CHILDREN

----------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant C.D. (Mother) appeals from the decree terminating her parental rights to her children, K.V.C., Q.V.C., and V.C. In a single issue, Mother argues that "[t]he trial court erred in declaring a mistrial and dismissing the jury panel instead of placing stricken jurors on the jury who were stricken in violation of Batson." According to Mother, "the only remedy that protects the wrongfully excluded veniremember[s] is placing them on the jury." We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Texas Department of Family and Protective Services (TDFPS) filed its original petition for protection of a child, for conservatorship, and for termination in suit affecting the parent-child relationship in January 2009. It alleged that Mother's parental rights to her children should be terminated because Mother had committed several acts or omissions outlined in family code section 161.001(1) and because termination was in the children's best interests. A jury trial commenced in June 2010, and towards the end of voir dire, Mother—joined by the children's father—lodged *Batson* challenges to two of TDFPS's peremptory strikes and to one of the children's ad litem's peremptory strikes.[2] After considering arguments and evidence, the trial court implicitly sustained the *Batson* challenges, declared a mistrial, and set the trial to "start again" the next morning "with 48 new jurors." A new jury panel was summoned the following day, the jury subsequently returned a verdict terminating Mother's parental rights to the children, and the trial court signed a decree terminating the parent-child relationship between Mother and the children.

Mother's sole issue can be construed several different ways. To the extent that Mother's argument can be construed as a challenge to the trial court's decision to declare a mistrial because of its underlying conclusion to sustain the *Batson* challenges, we agree with TDFPS that this court may not review on appeal the trial court's decision to grant the mistrial. *See In re S.G., Jr.,* 935

---

[2]The three jurors who were struck were the only African-American jurors on the jury panel.

S.W.2d 919, 923 (Tex. App.—San Antonio 1996, writ dism'd w.o.j.) ("We further agree that in civil cases this court lacks jurisdiction to review a trial court order granting a motion for a mistrial."); *Galvan v. Downey*, 933 S.W.2d 316, 321 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (holding that an order declaring a mistrial is an interlocutory order and is not appealable and that appellants' proper remedy for appealing the mistrial was by mandamus); *Fox v. Lewis*, 344 S.W.2d 731, 734 (Tex. Civ. App.—Austin 1961, writ ref'd n.r.e) (holding that order declaring mistrial after first trial was interlocutory and not appealable and likening appellate court's ability to review order granting mistrial with order granting a new trial); *cf. In re State Farm Lloyds*, 254 S.W.3d 632, 636 (Tex. App.—Dallas 2008, orig. proceeding) (conditionally granting mandamus relief from trial court order prohibiting parties' counsel from interviewing discharged jurors after mistrial and stating that order for mistrial was interlocutory and not appealable); *Ware v. Marquez*, 511 S.W.2d 594, 596–97 (Tex. Civ. App.—El Paso 1974, orig. proceeding) (denying mandamus relief from order granting mistrial and relying on rules governing granting of new trial).

To the extent that Mother's sole issue can be construed as a challenge to the trial court's decision *to implement the remedy* of declaring a mistrial and calling for a new jury panel *instead of* reinstating the excluded jurors, Mother directs us to no authority—nor have we located any after our own search—reasoning that this particular issue is not also controlled by the authorities set out

3

immediately above.[3]  Even if such authority existed, and assuming that Mother's motion for new trial preserved this issue for appellate review, we would not be able to conclude that the trial court abused its discretion by declaring a mistrial instead of placing the excluded panel members on the jury.  *See Boones v. State*, 170 S.W.3d 653, 657 (Tex. App.—Texarkana 2005, no pet.) (reasoning that trial court may fashion remedy in its discretion that is consistent with *Batson* and its progeny (citing *State ex rel. Curry v. Bowman*, 885 S.W.2d 421, 424–25 (Tex. Crim. App. 1993))); *see also Batson v. Kentucky*, 476 U.S. 79, 99, 106 S. Ct. 1712, 1725 n.24 (1986) (declining to instruct courts on remedy when *Batson* challenge sustained).  Accordingly, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  March 24, 2011

---

[3]It appears that Mother's proper vehicle for appealing the granting of a mistrial would have been to file a petition for writ of mandamus.  *See Galvan*, 933 S.W.2d at 321; *Ware*, 511 S.W.2d at 596–97; *see also Rod Ric Corp. v. Earney*, 651 S.W.2d 407, 408 (Tex. App.—El Paso 1983, orig. proceeding).