**HUDLER v. HUDLER et al.**

No. 9876.

Court of Civil Appeals of Texas. Austin.

April 19, 1950.

Murphy & Smith, of San Angelo, for appellant.

W. S. Leslie, of San Angelo, for appellees.

ARCHER, Chief Justice.

Plaintiff, Mary Hudler, sued defendants, M. A. Hudler and H. G. Hudler, in trespass to try title to certain property in the City of San Angelo, Tom Green County, Texas, alleging also that in a prior case between plaintiff and her former husband, H. G. Hudler, the defendants had conspired to de-fraud her of her community property rights with the said H. G. Hudler, plaintiff; seeking also the setting aside of a decree of divorce granted H. G. Hudler, and the adjudication of property rights between her and the said H. G. Hudler.

Plaintiff's petition was filed in the 119th District Court on the 30th day of April, 1948, and citation was served on both defendants. Defendant M. A. Hudler failed to answer, and plaintiff, on the 10th day of December, 1948, took default judgment against the said M. A. Hudler. On December 11, 1948, defendant M. A. Hudler filed motion for new trial, which was amended on the 30th day of December. On the 11th day of March, 1949, the court ordered the default judgment set aside and granted said defendant a new trial. On November 3, 1949, the trial court sustained pleas in abatement of both defendants and granted their motion to dismiss plaintiff's cause of action.

The appeal is predicated on four points assigned as error by the trial court. The first three points are closely related and are based on the error of the trial court in setting aside the default judgment, because the motion was not acted upon within the time required by law and was overruled by operation of law; and that the motion was unsupported by factual allegations showing a meritorious defense, and failed to show that defendant M. A. Hudler was not inexcusably negligent in failing to file an answer or employ counsel; and are briefed together by appellant.

The fourth assignment is directed to the error of the trial court in dismissing plaintiff's cause of action, after sustaining defendants' pleas in abatement.

In 1946 H. G. Hudler instituted a divorce proceeding against John Mary Hudler, alleging cruel treatment; by amendment, filed April 30, 1946, the grounds for a divorce were enlarged and set out certain community property. The defendant filed her answer and set out as community property (among other property) Lots 1, 2, 3, 4 and 5 in the V. E. Miller Subdivision to the City of San Angelo, in Tom Green County, Texas; and that in order to de-

fraud her, plaintiff caused the deed to said property to be taken in the name of M. A. Hudler, and impleaded him as a party defendant; she prayed that plaintiff be required to file an inventory, for a receiver, a temporary restraining order, for alimony, and for attorney's fees; that in event of a divorce a fair partition of all community properties be had; that the lots be declared community property, etc. This pleading was sworn to by the defendant. Temporary restraining order was granted, plaintiff ordered to file inventory, etc. Inventory was filed April 2, 1946. The lots were not listed. Defendant filed supplemental answer April 5, 1946, and again alleged that the lots were community property and had been conveyed to M. A. Hudler to defraud her of her interest in said lots. M. A. Hudler filed his answer April 30, 1946, claiming the property as his own.

On May 3, 1946, all parties appearing in person and by attorney, and the defendant, through her attorney, in open court announced that she no longer desired to prosecute the action as against M. A. Hudler, and moved for dismissal as to him with prejudice; trial was had and the cross-action of the defendant, John Mary Hudler, as against M. A. Hudler was dismissed with prejudice; trial was had and divorce granted and certain property partitioned between the parties, and decreed that the plaintiff, H. G. Hudler, and defendant, John Mary Hudler, had no interest, right or title in the real property described in the answers of defendant. This judgment was approved by attorneys for all parties.

On April 30, 1948, Mary Hudler filed an original petition against H. G. Hudler and M. A. Hudler, claiming title to Lots 1, 2 and 3, in Block 3, etc., and alleging that she was the defendant in a cause in Tom Green County, in which H. G. Hudler was plaintiff and John Mary Hudler was defendant, and that a divorce decree was entered on May 3, 1946, in which a divorce was granted and disposition made of certain properties. That she was unfamiliar with the community property owned by her and H. G. Hudler; that the inventory filed by plaintiff, H. G. Hudler, was incorrect; that she did not authorize the property settlement;

that on January 1, 1948, she learned of such settlement. She further alleged that the judgment in cause No. 15,627B, entered on May —, 1948, should be set aside, asked for an accounting, for attorney's fees, alimony, divorce, and for partition of the community property. Citations were issued to H. G. Hudler and M. A. Hudler. The copy of the citation served on M. A. Hudler did not have endorsed on it the date of delivery. M. A. Hudler did not file an answer.

On December 10, 1948, a default judgment was taken against M. A. Hudler for the title and possession of the property therein described and hereinabove referred to and described and the case was ordered continued as to H. G. Hudler, who had answered.

On December 11, 1948, M. A. Hudler filed his motion for new trial and for an order setting aside the judgment entered the day before. An amended motion was filed December 30, 1948, praying that the interlocutory judgment be set aside and moved to quash the citation.

Mrs. Mary Hudler filed a motion to dismiss M. A. Hudler's motion to vacate judgment, and for new trial.

On February 14, 1949, the court set aside the interlocutory decree entered on December 10, 1948, and granted a new trial.

H. G. Hudler filed his answer on July 16, 1948, and prayed that the plaintiff's petition be abated and dismissed, alleging that the plaintiff who was defendant in the original divorce suit was well represented by able counsel of her selection, and knew all of the facts and was familiar with all of the circumstances surrounding the suit, and that the title to the property involved in the present suit was claimed by defendant in first suit, and that the entire subject matter of the present suit was gone into in detail and disposed of in the original suit; that he had remarried and was living with his wife, and the plaintiff was estopped to assert any rights concerning the original divorce.

By further answer defendant H. G. Hudler pleaded that the petition of plaintiff does not show any equitable reason why the suit should now be brought, and that it does

not set out any new cause of action not raised in the original suit, and excepted to the petition, prayed for damage, disclaimed any interest in the real estate referred to, for restraining order, etc.

On July 16, 1948, the court entered an order restraining Mary Hudler from annoying H. G. Hudler and his wife in the particulars as therein set out. -

On October 17, 1949, M. A. Hudler filed an answer of not guilty, that he owned the property, and that neither H. G. Hudler nor plaintiff, Mary Hudler, ever purchased any interest therein.

On October 21, 1949, the pleas in abatement and exceptions of the defendants were sustained, and the cause of action of the plaintiff, Mary Hudler, dismissed; and the cross action of the defendants was dismissed without prejudice.

The first three points, directed to the error of the court in setting aside the default judgment, are briefed together by appellant.

Appellant contends that the motion for new trial was filed December 11, 1948, and was not determined until March 11, 1949, no agreement extending the time for a decision was made, and under Rule 330(j), Texas Rules of Civil Procedure was therefore overruled by operation of law.

■ We do not believe that the motion was for a new trial in the usual accepted sense, but was a motion to set aside and vacate an interlocutory judgment and was not controlled by the rules governing motions for new trials. Since the judgment was an interlocutory one, it remained within the control of the court, and the order setting it aside was within the discretion of the trial court and not appealable.

We, therefore, overrule the first three assignments.

■ An interlocutory judgment or order is one made during pendency of an action, which does not dispose of the case but leaves it for further action of court in order to settle entire controversy. 3A Tex.

Jur. (Rev.), Sec. 83, p. 113, Sec. 86, p. 117, Sec. 88, p. 119; 3 Tex.Jur. 135, Sec. 70; St. John v. Archer, Tex.Civ.App., 147 S.W. 2d 519; Witt v. Witt, Tex.Civ.App., 205 S.W.2d 612.

■ The fourth point assigns error by the court in sustaining defendants' pleas in abatement and dismissing plaintiff's cause of action.

This assignment is overruled. The plaintiff, as hereinabove set out, was the defendant in a divorce case and was represented by counsel, and the property, the subject matter of the instant suit, was disposed of in the original suit in favor of M. A. Hudler, and all parties were fully aware of the existence of such property and of its claimed ownership.

The entire record of the divorce suit was introduced in the hearing had on October 21, 1949, and discloses that the parties fully plead and offered testimony concerning the property of the parties.

The same issues were in the original suit as are in this instant suit concerning property rights. The witnesses were questioned concerning the ownership of community property as well as the ownership of the real property claimed by M. A. Hudler. Mrs. John Mary Hudler had full knowledge of the facts and the concealment thereof which constitutes the foundation of her present suit, since she described it in her sworn answer. She cannot now be permitted to relitigate the case in an effort to set aside the judgment entered on May 3, 1946.

Taking the record as a whole there is no showing made of a fraud perpetrated against the plaintiff, but, on the other hand, the plaintiff was represented by capable counsel and had knowledge of all of the facts. 25 Tex.Jur., Secs., 201-202, p. 607; Snow v. Cook, Tex.Civ.App., 278 S.W. 520, 521; Witt v. Witt, supra.

The judgment of the trial court is affirmed.

Affirmed.