Charles H. MEYER, Petitioner,

v.

The STATE of Texas ex rel. M. L. LEFLER, Jr., et al., Respondents.

No. 6673.

*Court of Civil Appeals of Texas.*

Beaumont.

Oct. 3, 1963.

Rehearing Denied Oct. 30, 1963.

Gilbert T. Adams, Beaumont, for petitioner.

W. G. Walley, Jr., W. C. Lindsey, Dist. Atty., Beaumont, for respondents.

PER CURIAM.

This is a petition for writ of mandamus. An action to remove the Sheriff of Jefferson County was based upon Art. 5977 and related articles, T.R.C.S. The jury did not answer some of the questions submitted, and a mistrial was declared. This action was brought to compel the trial judge to enter judgment for the sheriff upon the issues which were answered.

The petition in the trial court alleged 19 causes as grounds for removal, all of which were denied by the sheriff.

The 19 grounds for removal were submitted separately for answers by the jury, as well as the paragraph containing a general finding either for the State or the Relator. The jury answered 13 of the causes for removal in favor of relator but were unable to agree upon the answers to the other six causes. In addition, the general finding was completed so that it read, "We, the Jury, find for Charles H. Meyer". Relator made motion in the trial court for judgment upon this verdict and the State made motion for mistrial because of failure of the jury to answer the six causes inquired about. The court overruled relator's motion and granted mistrial in the following language:

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant's said motion in its entirety and in each respect be and it is hereby overruled to which action of the Court the defendant excepts.

"It further appearing to the Court that in the opinion of the Court a mistrial should be declared.

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that a mistrial be and is hereby declared in this cause and said cause is to be set down for trial in regular order at such time as the Court and parties can arrange therefor.

"RENDERED on this the 19th day of April, A.D., 1963, and entered on this the 30th day of April, A.D., 1963.
"s/ Wilmer B. Hunt
_____
"Presiding Judge"

In the case of Johnson v. Court of Civil Appeals, Tex., 350 S.W.2d 330, a condemnation suit was being tried before a jury. After the verdict was returned and before a judgment was entered, the trial court granted a new trial. Mandamus was granted by the Court of Civil Appeals ordering the trial court to enter a judgment on the jury verdict. The Supreme Court held as follows:

"There are only two instances where any appellate court of this state has

ever directed the trial judge to set aside its order granting motion for new trial. These instances are:

"(1) When the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and

"(2) Where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting.

"Neither of the two situations exists here. The motion for new trial was granted during termtime, and the trial court did not specify on what grounds he was granting the motion for new trial."

The last paragraph is true of the situation existing in the case at bar. That is, the motion for mistrial was granted during termtime, and the order did not specify the grounds. We see no legal distinction in the application of the rule of the Johnson case, supra, between a mistrial and a new trial. Article 1824, V.A.T.S., gives a Court of Civil Appeals authority to compel a trial court to proceed to trial and judgment. As it was said in the Johnson Case, supra, since the motion for new trial was granted by the trial court, it was not required by the rules to render judgment in the cause, and the Court of Civil Appeals is without authority to so order.

■■■ Further, we have concluded the granting of the mistrial involved a matter of judicial discretion. The trial court had to determine first that the unanswered issues were material, and then whether or not there was evidence to support such issues. This determination necessarily involved judicial discretion. Chancey v. New Amsterdam Cas. Co., Tex.Civ.App., 336 S.W.2d 763. The determination by the court having been based upon reasoning involving judicial discretion, no mandamus could lie. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; and Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875.

■■■ The matter of the form of submission of this case to the jury is not directly before us. However, in view of a new trial in this case, and in an attempt to assist trial courts in this and other removal cases, we express our opinion as to the charge. It is noted that the first line following the number of the Article, 5978, is the title "General Issue submitted". However, nothing in the body of the article makes any further mention of a general issue. The article next reads, "In these cases, the judge shall not submit special issues to the jury, * * *" but then gives specific instructions as to how the charge should be framed. This article continues and concludes as follows:

"* * * but shall, under a proper charge applicable to the facts of the case, instruct the jury to find from the evidence whether the cause or causes of removal set forth in the petition are true in point of fact or not; and, when there are more than one distinct cause of removal alleged, the jury shall by their verdict say which cause they find sustained by the evidence before them, and which are not sustained. R.S. 1879."

We think the title to this article is misleading—"General Issue submitted". Rule 277, T.R.C.P., provides for submission of a case to a jury either upon special issues or a general charge. The term "general issue" has been construed in the past by this court in Shell Petroleum Corp. v. Liberty Gravel & Sand Co., Tex.Civ.App., 128 S.W.2d 471, to be synonymous with "general denial". Using that interpretation would give this title no meaning. This court held in Drake v. Yawn, Tex.Civ.App., 248 S.W. 726, that a headline is no part of an article in considering its construction. There is nothing in the body of the statute providing for the submission of the general finding as submitted by the charge in our case. We are of the opinion that the charge in such a removal proceeding should require the jury to find whether each specific cause alleged in the petition is true in point

of fact, and a finding on each of these causes would satisfy the requirements of this Article, 5978. It was not the intention of the legislature to place the burden on the defendant in these cases to prove the charges untrue; therefore, the charge should be clearly drawn so as to place the burden of proof from a preponderance of the evidence upon the State.

Mandamus denied.