**L. B. FOSTER STEEL CO., Inc., et al., Relators,**

v.

**Honorable Ben MOORHEAD, Judge of the 11th District Court of Harris County, et al., Respondents.**

**No. 14514.**

Court of Civil Appeals of Texas.

Houston.

Oct. 8, 1964.

Talbert, Giessel, Cutherell, Barnett & Stone, Don Weitinger, Houston, for relators.

Robert Roch, Al Taylor, W. James Kronzer, Houston, Brown, Kronzer, Abraham, Watkins & Steely, Houston, of counsel, for respondents.

WERLEIN, Justice.

Our opinion handed down herein on September 24, 1964 is withdrawn and the following opinion is substituted therefor.

This is an original proceeding in which the relators seek a writ of mandamus directing the Honorable Ben H. Moorhead, Judge of the 11th Judicial District Court of Harris County, Texas, to enter judgment upon a jury verdict received and filed in Cause No. 556107 pending in such court, wherein William W. Harper is plaintiff and the relators are defendants. Said plaintiff brought suit against the defendants to recover damages for personal injuries sustained by him in a motor vehicle collision.

After the jury had notified the bailiff of the court that it had reached a verdict, and had been brought back into the court room and had there announced through its foreman in open court that a verdict had been reached, the court read the answers of the jury to the special issues submitted and found that all of the issues on primary negligence and contributory negligence had been answered in favor of the defendants and against the plaintiff, and that Special Issues Nos. 23 and 24, being the damage issues had not been answered. Whereupon counsel for the plaintiff informed the court that it was his wish that the jury should retire and consider Special Issues Nos. 23 and 24 and answer them. Counsel for the defendants objected and requested that the verdict be accepted and entered as returned by the jury.

The court thereupon instructed the jury to return and answer all the questions submitted, calling attention to the fact that Special Issues Nos. 23 and 24 had been left blank and were not answered. After the jury had been so retired, counsel for the defendants objected to the court sending the jury back to answer Special Issues Nos. 23 and 24 since under the other findings of the jury any answer to such issues would be wholly immaterial. Said counsel again requested the court to accept the verdict as it had been brought in. Counsel for the plaintiff then made an objection to the Court's action in sending the jury back to the deliberation room and moved the court to enter a mistrial because the verdict returned into court was not a complete verdict. The judge overruled both motions. Counsel for plaintiff then again moved the court to declare a mistrial while the jury was still in the deliberation room on the ground that although the jury's deliberations are supposed to be secret, the jury had been brought into open court and its answers had been read to counsel for both sides, with Special Issues Nos. 23 and 24 not answered, and it was improper for counsel to know the status of the deliberations. Whereupon the court had the jury returned into open court. Counsel for plaintiff again objected to accepting a partial verdict.

When the jury was brought back into the court room, the following occurred:

"THE COURT: Ladies and gentlemen, when you came back a few minutes ago and said you had reached a verdict, you had not answered Issues 23 and 24, which are the damage issues, specifically, now speak through your Foreman again; you haven't answered 23 and 24 as of yet, is that right?

"FOREMAN: No, sir, we have not.

"THE COURT: You haven't changed the answers to any of the others?

"FOREMAN: No, we have not.

"THE COURT: Let me ask all of you to answer this question, please.

You heard the reading of the answers to Special Issues through 22, are these answers your verdict, all of you answer.

"At which time all jurors answered, 'Yes'.

"THE COURT: So declared, ordered filed and you will be excused. You may go downstairs, let me ask one more question before I excuse you: You were not—, that is not necessary.

"Jury forget about it, I will receive the verdict as is."

Thereafter, on the 13th day of April the plaintiff and the defendants came and presented their respective written motions, the plaintiff asking for a mistrial, and the defendants for judgment on the verdict. The court having heard said motions overruled the defendants' motion for judgment that plaintiff take nothing and sustained the plaintiff's motion for mistrial.

In this case all of the issues, both of primary negligence and contributory negligence, were so answered that the plaintiff couldn't possibly recover any damages regardless of whether the damage issues had been answered in any amount whatsoever. The damage issues became immaterial in view of the jury's other answers. Southern Pine Lumber Co. v. Andrade, Tex.Com. App.1939, 132 Tex. 372, 124 S.W.2d 334; Le Compte v. Sanders, Tex.Civ.App.1964, 378 S.W.2d 861.

When the jury was first returned into court and announced that it had arrived at a verdict, it would have been proper for the court to have received such verdict, ordered it filed and entered judgment for the defendants. In our opinion it would also have been proper for the court, when the jury had been returned into court after further deliberation, to have entered judgment on the verdict which the court then received and ordered filed. See Texas Life Insurance Company v. Goldberg, Tex.Civ. App.1944, 184 S.W.2d 333; Williams v.

Patterson, Tex.Civ.App., 170 S.W.2d 269; Davis v. Bond, Tex.Com.App.1942, 138 Tex. 206, 158 S.W.2d 297; McDonald, Texas Civil Practice, Vol. 3, Sec. 15.03, p. 1264. In Chancey v. New Amsterdam Casualty Company, Tex.Civ.App.1960, 336 S.W.2d 763, writ ref., n. r. e., the court said:

> "It is appellant's position that the jury's verdict was incomplete in that Issues 2, 3 and 4 were unanswered, and that a mistrial should have been granted. In order for this position to be tenable, the issues which were unanswered must be material, and there must have been evidence to support the submission of such issues."

The question to be decided by us, however, is not whether it would have been proper for the court to have entered judgment, but whether under the record before us this Court has the power to mandamus the trial judge to set aside its order granting a mistrial and to enter judgment for relators. In the motion for mistrial several grounds for mistrial are set out. In the court's order decreeing a mistrial, it is stated that " * * * the Court having considered both the Motion for Judgment upon the Verdict and the Motion for Mistrial and all the evidence, arguments and authorities adduced by counsel, and being of the opinion that the Motion for Mistrial ought to be sustained, it is, therefore, Ordered, Adjudged and Decreed that a Mistrial be declared in this cause."

■ In such order the court does not state upon what ground the mistrial was decreed. It is clear that the court in considering the matter exercised judicial discretion and based his judgment upon one or more of the grounds set out in the motion for mistrial. Since the court did not state in his order the ground upon which he based his ruling, this Court is not in a position to determine same. The bill of exception prepared and approved by counsel for relators, and signed by the judge, was not signed by counsel for respondents, and cannot be con-

sidered by this Court as evidence on the ground upon which the court based his order. Foreman v. Texas Employers' Insurance Ass'n, Tex.Sup.1951, 150 Tex. 468, 241 S.W.2d 977. The determination of the trial court as to whether a mistrial should be granted necessarily involved judicial discretion under the attendant circumstances and especially so in view of the court's instructions to the jury as set out in the motion for mistrial. We are not called upon to decide whether or not the court correctly applied the law in the exercise of his judicial discretion.

■ It is our view that the case of Johnson v. Court of Civil Appeals, Tex.Sup. 1961, 162 Tex. 613, 350 S.W.2d 330, is controlling. In that case the Court held:

> "There are only two instances where any appellate court of this state has ever directed the trial judge to set aside its order granting motion for new trial. These instances are:
>
> "(1) When the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and
>
> "(2) Where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting.
>
> "Neither of the two situations exists here. The motion for new trial was granted during termtime, and the trial court did not specify on what grounds he was granting the motion for new trial."

In the case at bar the motion for mistrial was granted during termtime and the order did not specify the grounds. As applicable to this case, we adopt the following language of the Beaumont Court of Civil Appeals in Meyer v. State, 372 S.W.2d 764: "We see no legal distinction in the application of the rule of the Johnson case, supra, between a mistrial and a new trial." In the Johnson case, supra, the Supreme

Court held that since the motion for new trial was granted by the trial court it was not required to render judgment in the cause, and the Court of Civil Appeals was without authority to do so.

We have concluded on rehearing that under the holding of Johnson v. Court of Civil Appeals, supra, this Court does not have the authority to order the issuance of the writ of mandamus prayed for by relators.

Motion for rehearing is granted. Mandamus denied.