**Robert Lee ALLEN, Petitioner,**

v.

**The Hon. Charles E. LONG, Jr., Respondent.**

No. 16903.

Court of Civil Appeals of Texas, Dallas.

Oct. 21, 1966.

Rehearing Denied Nov. 4, 1966.

Marvin Menaker and David M. Kendall, Jr., Dallas, for petitioner.

Gardere, Porter & DeHay and Gordon H. Rowe, Jr., Dallas, for respondent.

DIXON, Chief Justice.

Petitioner Robert Lee Allen has filed a sworn application for a writ of mandamus directing Hon. Charles E. Long, Jr., District Judge, to enter judgment in petitioner's favor in a workmen's compensation suit styled Robert Lee Allen v. Liberty Mutual Insurance Company.

Petitioner as plaintiff filed suit against the insurance carrier as defendant to set aside an award of the Industrial Accident Board. A jury answered special issues, finding that plaintiff while in the course and scope of his employment sustained an injury which resulted in permanent partial incapacity.

However, the jury answered "No" to Special Issue No. 18, which inquired whether Liberty Mutual Insurance Company or Collins Radio Company, plaintiff's employer, had received notice of plaintiff's injury, if any, within thirty days from September 9, 1964. The jury was unable to answer Special Issue No. 19, which inquired whether plaintiff had good cause for not reporting his injury within said thirty days.

Following return of the jury verdict the defendant insurance carrier filed a motion for judgment on the verdict and a motion for a mistrial. Plaintiff filed a motion for judgment and an amended motion asking the trial court to disregard the answer to Special Issue No. 18 and to render judgment for plaintiff in accordance with the other findings of the jury.

The court overruled plaintiff's motions and sustained the defendant's motion for a mistrial.

The basis for plaintiff's motion to disregard the jury's answer to Special Issue No. 18 is that the defendant failed to comply with the requirements of Art. 8307b, Vernon's Ann.Civ.St., and Rule 93(n), Vernon's Texas Rules of Civil Procedure. Both the statute and the rule provide that in the trial of any case appealed from the Industrial Accident Board notice of injury, if pleaded, shall be presumed to be true and "have been done and filed in legal time and manner, unless denied by verified pleadings * * *." It is also provided that such denial may be made in original or amended pleadings; but, if in amended pleadings, the same must be filed not less than seven days before the case proceeds to trial.

It is undisputed that on April 30, 1966 defendant filed a verified amended answer "that Plaintiff failed to notify his employer of his alleged accidental injury within the time required by law * * *, and that Plaintiff did not have good cause for such failure * * *."

On June 20, 1966, the day the trial began plaintiff filed a motion to strike the above pleadings on the ground that they did not negative the possibility that plaintiff had notified the defendant insurance carrier, or that the defendant had received actual notice from some other source.

On the above date defendant was permitted to file a second verified amended answer in which it alleged that plaintiff had not notified either his employer or the defendant insurance carrier of his injury.

Plaintiff objected to the new allegations on two grounds: (1) they violated the rule that required the verified denial to be filed in not less than seven days before trial; and (2) since said pleadings did not negative the possibility that defendant .or the employer had received actual notice from some other source than plaintiff, the denial was insufficient to raise issues of timely notice, or good cause for failure to give timely notice.

Plaintiff later objected to the submission of Issues Nos. 18 and 19, contending that Art. 8307b, V.A.C.S. and Rule 93(n), T.R.C.P. are mandatory; hence defendant's insufficient denial raised no issues of notice and good cause.

The respondent in his reply to the application for mandamus says that plaintiff himself testified that he did not give notice of injury within thirty days; and in explanation of his failure stated that he himself did not know that he had sustained a hernia until two months after the accident. Therefore lack of good cause for failure to give notice was properly raised under the verified denial and the evidence; and because of the jury's inability to arrive at an answer to Special Issue No. 19 the court properly declared a mistrial.

We have concluded that under the facts as presented by the record before us we must deny petitioner's application for a writ of mandamus.

Our Supreme Court, in Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W. 2d 330, says that it is the general rule that an appellate court will not review by mandamus an action of a trial court in granting a new trial while it still has jurisdiction of the cause. The court further said that the broad language of Art. 1733, V.A.C.S. gives the Supreme Court power to correct abuses of discretion where there is no remedy by appeal, but Courts of Civil Appeal have no such authority.

Here we have a case involving an order declaring a mistrial, not the granting of a new trial. Mistrial and new trial are not the same. But it has been held that the similarity between them is sufficient to bring mistrial within the rule laid down by the Supreme Court in the Johnson case. Meyer v. State ex rel. Lefler, 372 S.W.2d 764 (Tex.Civ.App.); L. B. Foster Steel Co. v. Moorhead, 382 S.W.2d 280 (Tex.Civ. App.). See also Crofts v. Court of Civil

Appeals, 362 S.W.2d 101 (Tex.Sup.Ct.); Carnes v. Cunningham, 350 S.W.2d 59 (Tex.Civ.App.). The record before us is silent as to any statement by the trial court specifying the grounds upon which he based his order of mistrial, so we are not in position to determine same. It is our opinion that we do not have authority to grant petitioner's application for a writ of mandamus.

The application is denied.