Mary Ann JONES et vir, Relators,

v.

Hon. Shearn SMITH, District Judge of Harris County, et al., Respondents.

No. 15809.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 24, 1971.

Harrison & Taylor, Al Taylor, Houston, for relators.

Red & Kemp, George Red, Houston, for respondent.

COLEMAN, Justice.

By this suit Relators seek mandamus requiring the Judge of the 61st Judicial District Court of Harris County, Texas, to set aside his order declaring a mistrial, and to proceed to trial and judgment.

Relators are the plaintiffs and A. C. Investment Company is the defendant in Cause No. 772,327 in the 61st District Court. The cause was tried to a jury from January 4 through January 8, 1971, resulting in a verdict. Thereafter both Relators and Respondent filed motions for judgment. On March 26, 1971, Judge Smith, on his own motion, entered an order declaring a mistrial, reciting no ground therefor. The jury answered all issues submitted to it except such predicated issues as required no answer. It is not contended that the answers made to the issues conflict in any respect. There is a ques-

tion as to whether there is an omitted issue.

■ Respondent says that the trial court lost jurisdiction to set aside the order declaring a mistrial thirty days from the date of the order by virtue of Rule 329b of the Texas Rules of Civil Procedure. This rule generally pertains to motions for new trial and judgments, and does not relate to the question of setting aside interlocutory orders. An order declaring a mistrial is not a judgment which will become final after the expiration of thirty days from the date of rendition. Hudler v. Hudler, 229 S.W.2d 853 (Tex.Civ.App.—Austin 1950); Prince v. Peurifoy, 396 S.W.2d 913 (Tex.Civ.App.—Dallas 1965).

■ Respondent asserts that this court cannot determine that the relief asked by Relators involves a purely ministerial act on the part of the trial court in the absence of the record of the proceedings in the trial court and that, in the absence of such a determination, mandamus cannot issue. An abstract of the record made a part of the application is before us. Respondent has not challenged its accuracy. These instruments may be considered in determining the questions before this court. Bowen Motor Coaches v. Young, 138 S. W.2d 145 (Tex.Civ.App.—Ft. Worth 1940).

■ Article 1824, Vernon's Ann.Civ. St. authorizes this court to issue a writ of mandamus requiring a district judge to proceed to trial and judgment. A reasonable construction of the language of the statute authorizes the courts of civil appeals in a proper case to order the judge to complete a trial once begun. The trial judge may not arbitrarily halt a trial once begun. "The power * * * is to compel action, but not to control the same." Willis v. Granger, 195 S.W.2d 831 (Tex.Civ. App.—El Paso 1946).

■■ This court cannot require a trial judge to exercise his discretion in any particular manner, but it may require that he exercise his discretion in some manner. Were this not true the statutory grant of power to require a judge to proceed to

trial would be ineffective. The right to require a judge to set for trial and try a case where he has improperly refused to do so cannot be disputed. Hidalgo County Water Improvement District No. 2 v. Blalock, 157 Tex. 206, 301 S.W.2d 593 (1957); Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961).

It is suggested that since the court's order declaring a mistrial did not specify the grounds upon which he based his order, this court lacks the authority to grant the writ of mandamus.

In Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875 (1927), the court, with reference to Art. 2209, R.C.S.1925, which is substantially the same as Rule 300, T.R.C.P., stated:

"Under these provisions the trial court in the exercise of discretion may set aside a verdict on special issues without having first rendered judgment thereon, and we are of opinion that it may do so, though no specific complaint is made by a party to the suit. The judge of the court, however, has no arbitrary right to refuse to enter judgment on a verdict which constitutes a finding on all the facts tendered in the pleadings necessary to the rendition of judgment. And, when it appears from the verdict itself and the order refusing to render and enter judgment thereon that such refusal is arbitrary and not based on the exercise of discretion, mandamus will lie to require entry of judgment. In such case the action of the judge is in effect a refusal to proceed to judgment in the trial of the cause."

In Allen v. Long, 408 S.W.2d 342 (Tex. Civ.App.—Dallas 1966), the court refused to grant a mandamus in a case where a mistrial was granted by the trial judge without stating his reason for the action. The court stated:

"Here we have a case involving an order declaring a mistrial, not the granting of a new trial. Mistrial and new trial

are not the same. But it has been held that the similarity between them is sufficient to bring mistrial within the rule laid down by the Supreme Court in the Johnson case, Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330."

This court reached the same conclusion in L. B. Foster Steel Co. v. Moorhead, 382 S.W.2d 280 (Tex.Civ.App.1964).

In Johnson v. Court of Civil Appeals, 350 S.W.2d 330 (1961), the Supreme Court of Texas held:

"The Court of Civil Appeals in granting the writ of mandamus stated in its opinion that the action of the trial court in granting the new trial was an abuse of its discretion and a violation of its clear duty under the law and that there was no adequate remedy of appeal. In support of its opinion that mandamus would lie in such a situation the court cites Stakes et al. v. Rogers, 139 Tex. 650, 165 S.W.2d 81; City of Houston v. Adams, 154 Tex. 448, 279 S.W.2d 308. Both cases were decisions by the Supreme Court and involved matters other than motions for new trial. While under the broad language of Article 1733, V.A.T.S., this court does have the power to correct abuses of discretion in certain lower courts where there is no adequate remedy by appeal, Courts of Civil Appeals have no such power. Crane v. Tunks, 160 Tex. 482, 328 S.W.2d 434. The authority of the Court of Civil Appeals to issue writs of mandamus is limited to that given in Articles 1823 and 1824, V.A.T.S. They may only issue writs necessary to enforce their jurisdiction or to compel a district or county court to proceed to trial and judgment in a cause. Rule 300, Texas Rules of Civil Procedure, provides that where a special verdict is rendered the court shall render judgment thereon unless set aside or a new trial is granted or judgment is rendered notwithstanding the verdict or jury findings under the rules. Since the motion for new trial was granted by the trial court it was not required by the rules to render judgment in the cause, and the Court of Civil Appeals is without authority to so order."

 The action of the trial court in entering an order declaring a mistrial is, in effect, an order setting aside a jury verdict authorized by Rule 300, T.R.C.P. It would be futile to require the trial court to render a judgment, which he could promptly nullify by granting a new trial.

Mandamus denied.