F. O. MASTEN, Relator,

v.

The Honorable Robert E. MONTGOMERY, Judge of the 100th Judicial District Court of Collingsworth County, Texas, et al., Respondents.

No. 8409.

Court of Civil Appeals of Texas, Amarillo.

Oct. 23, 1973.

Rehearing Denied Nov. 19, 1973.

Spillman & Spillman, Bill Spillman, Wellington, for relator.

A. L. Rhodes, Abilene, for respondents.

ELLIS, Chief Justice.

This is a mandamus proceeding in which F. O. Masten, relator, seeks to compel respondent, Honorable Robert E. Montgomery, District Judge of the 100th District Court of Collingsworth County, Texas, to set aside an order of mistrial and enter judgment in Cause No. 4671, styled In re: the Estate of Mrs. F. O. (Lily B.) Masten, Deceased, pending in the 100th District Court of Collingsworth County, Texas. Mandamus refused.

This action arose from a certiorari proceeding brought by James D. Williford and others who were seeking the probate of an instrument alleged to be the last will and testament of Mrs. F. O. (Lily B.) Masten. The case was tried in the district court before a jury and submitted upon 13 special issues. On April 10, 1973, during its deliberation, the jury sent the trial judge a message stating that it could not reach a verdict on Special Issue No. 1. The jury was returned to the courtroom, whereupon the trial judge made inquiry concerning the likelihood of further deliberation resulting in a jury verdict upon such issue. The court then made the determination that further deliberation should not be required, ordered a mistrial and discharged the jury. As the members of the jury were leaving the courtroom, the foreman delivered the unsigned charge to the trial court. After the dismissal and departure of the jury, the trial court examined the charge and observed answers to all special issues except No. 1 had been written in the spaces provided. Special Issue No. 1 inquired as to whether Mrs. Masten was of sound mind at the time she executed the instrument in question. Among the special issues which had been answered was Special Issue No. 13, which reads as follows:

"Do you find from a preponderance of the evidence that at the time Mrs. F. O. (Lily B.) Masten executed the instrument dated August 9, 1965, introduced in evidence in this case, she was acting under the undue influence of Otis Gatewood and Robert Rowland or either of them?"

\*   \*   \*   \*   \*   \*

"Answer: *'She was acting undue influence.'*"

Relator thereafter petitioned the court to set aside its order of mistrial and to receive the written jury answers to Special Issues 2 through 13, and to enter a judgment in his favor on the partial verdict. A hearing was held on May 14, 1973, to consider such petition. All twelve jurors testified at the hearing. The most favorable interpretation of their testimony is that, except for an answer to Special Issue No. 1, the vote for the answer written responsive to Special Issue No. 13 was 11 to 1, and the vote for the other answers written in response to the remaining special issues was unanimous. After evidence had been submitted, the trial judge refused to grant relator's motion whereupon relator brought this action for a writ of mandamus.

Relator contends that the jury returned a special issue verdict which is sufficient to support a judgment, and that the rendition of such judgment upon the verdict is a ministerial act which may be compelled by mandamus under the authority of Art. 1824, Vernon's Ann.Civ.St. The court in the case of Fox v. Lewis, 344 S.W.2d 731 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.) held that the rendition and entry of a judgment upon a sufficient jury verdict is a ministerial act and the Court of Civil Appeals may by mandamus, under the authority of Art. 1824, compel a trial judge to render judgment under such circumstances. A primary question for decision here is whether a lawful verdict was returned and received by the court to serve as the basis for requiring the rendition of judgment.

In the case of Wheeler v. Oxford, 321 S.W.2d 188 (Tex.Civ.App.—Eastland 1959, no writ), the court refused to grant a writ of mandamus under facts similar to those in the instant case. In the Oxford case the court stated:

"The defendant has the burden of showing conclusively the existence of a situation that required rendition of such a judgment as a ministerial act. It is not conclusively established that such answers were intended by all the jurors as their verdict or as their unanimous and final answers to said controlling questions, nor that they tendered same as their verdict or that the court received it as such. The jurors said that they had not arrived at a verdict. The court took them at their word and discharged them because they could not reach a verdict. The court did not receive nor accept said answers as their verdict."

In the case of Sharp v. Reynolds, 395 S. W.2d 725 (Tex.Civ.App.—Amarillo 1965, no writ), also under facts similar to those found in the present case, the court refused to issue a writ of mandamus. In its opinion, the court stated:

"We do not believe under this record any verdict was ever received. The parties did not agree to accept a partial verdict. The defendant refused to accept a partial verdict. The court asked each of the members of the jury if they felt the jury could reach a unanimous verdict and they all said they could not. Thereupon the court discharged the jury and declared a mistrial. The court noted the docket sheet to the effect that the jury was unable to agree on a verdict and the jury was discharged and a mistrial declared. The verdict was never signed by the foreman nor any of the jurymen. As the jury was leaving the jury box after they had been discharged, the foreman handed the charge to the court bailiff. The jurymen were not interrogated by the court to determine if the answers given were their verdict. . . ."

In the instant case the record discloses that the jury had informed the court that it could not agree upon a verdict. The court thereafter inquired of each juror individually whether, if in the juror's opinion, a verdict could be reached if further deliberation was allowed. To such inquiry each juror replied in the negative, whereupon the jury was dismissed and a mistrial was declared. The form upon which the answers were written was not signed by the foreman. Further, the evidence shows that the jurors were not unanimous in their answer to Special Issue No. 13, the vote being 11 to 1 in favor of an affirmative answer; however, the charge had not been signed by those concurring on that issue as required by Rule 292, Texas Rules of Civil Procedure. In the case of Wheeler v. Oxford, supra, the opinion quoted from 89 C.J.S. Trial § 487, at 144, as follows:

"Ordinarily a verdict must be affirmed by the jury in open court and their finding is not a verdict until so affirmed."

The record here does not show that the jurors were asked in open court if such was their verdict. In the present case neither party requested that the jury be polled. The court in Wheeler v. Oxford, supra, held that it is the right of a party to have the jury polled to determine, ". . . not whether it was their verdict when they were in the jury room deliberating, but whether it is their verdict and the verdict of all of them when it is published by them in open court."

In the case of De Busk v. Cadenhead, 346 S.W.2d 145, 148 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.) the court pointed out that "(a) verdict does not become an official act and effective in law until it is received and accepted by the Court, . . . ." In the instant case the trial judge stated for the record at the hearing on relator's motion to set aside the order of mistrial that he neither received nor filed the answers written on the charge as a verdict. Further, in this case,

as in Sharp v. Reynolds, supra, neither of the parties "requested the court to permit them to ask the jurors any questions but sat silently and permitted the court to discharge the jury."

Relator attempts to distinguish the Oxford and Reynolds cases from the present case on the basis that in the Oxford case no jurors were called to testify as to how they voted on the special issues and in the Reynolds case, only one juror was called to testify as to how the jury as a whole had voted on the special issues, while in the case at bar all of the jurors were called to testify as to the status of their answers at the time they were discharged. Relator contends that the testimony from all the jurors supplied the necessary facts to make a valid verdict, thus rendering the entry of a judgment thereon a mere ministerial act to be performed by the judge. We do not believe that the number of jurors testifying as to the status of their answers at the time of discharge is determinative here with respect to the vital question as to whether the entry of a judgment is a mere ministerial act not involving judicial discretion.

In the case of Houston Fire and Casualty Ins. Co. v. Gerhardt, 281 S.W.2d 176 (Tex.Civ.App.—San Antonio 1955, no writ) the court held that if a trial judge, after hearing evidence decides to accept an incomplete form as a verdict and renders judgment thereupon, such action may be sustained on appeal if supported by proper evidence.[1] The court further held in the Gerhardt case that when the trial judge, after hearing the evidence, refuses to accept the incomplete form as a verdict, such action cannot be reviewed upon appeal because of the lack of a final appealable judgment. The fact that the trial judge's order is not subject to review cannot operate to enlarge upon the original jurisdiction of the appellate court to issue a mandamus. This is true even if the trial judge

refuses to enter a judgment after hearing the evidence regarding the status of the verdict, for he is acting in a judicial rather than in a ministerial capacity, and the appellate court has no authority to control judicial or discretionary actions of the trial court by mandamus.

It is our opinion that after hearing the evidence upon relator's motion to set aside the order of mistrial the trial judge's action in refusing to accept the answers as a verdict was judicial or discretionary in character and not subject to control by mandamus of this court. Additionally, for the reasons above stated we hold that no lawful verdict was ever received and accepted as such, and thus the trial court was not authorized to enter a judgment thereon. Accordingly, the application for writ of mandamus is refused.

---

1. In the Gerhardt case the charge was not signed by the jury foreman. In addition the record reveals that such form was not received as a verdict by the trial judge nor was an opportunity afforded to poll the jury.