**Ferdinand M. WARE, Jr., Relator,**

**v.**

**Honorable Edward S. MARQUEZ, Judge of the 65th Judicial District Court of El Paso County, et al., Respondents.**

**No. 6365.**

Court of Civil Appeals of Texas, El Paso.

June 19, 1974.

Dudley & Skipworth, William C. Dudley, Paul W. Dudley, El Paso, for appellant.

Malcolm McGregor, Janet R. Pauls, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is a mandamus proceeding brought by Ferdinand M. Ware, Jr., Relator, seeking to compel the Honorable Edward S. Marquez, District Judge, to set aside his order granting a mistrial and to reenter judgment in his favor. The case was originally tried by the late Judge Jack N. Fant; but while the matter was pending in this Court, Judge Fant died and Judge Marquez was appointed as his successor, and under the provisions of State v. Olsen,

163 Tex. 449, 360 S.W.2d 402 (1962), we granted Relator's petition to substitute Judge Marquez as a Respondent. Mandamus is denied.

The case is one in which Respondent Robert Chavez filed suit on behalf of his minor daughter, Gloria, for personal injuries allegedly sustained when she was struck by Relator Ferdinand M. Ware, Jr.'s automobile as she attempted to cross the street. The case was submitted to a jury on fourteen special issues. The jury's verdict was returned into open court with all the issues answered; however, issues numbered 7, 9 and 10 had been answered "11 Yes, 1 No" and the verdict was signed only by the foreman. The jury was referred to the Court's written instructions and retired for further deliberations and on their return into open court the second time eleven members of the jury had signed the verdict and the answers to two of the 11 to 1 questions had been reformed to read "Yes," and in open court the third question was corrected to read "Yes." The jury was then individually polled as to the verdict and then they were polled a second time by the Judge asking of the eleven jurors who had signed the verdict if that was their verdict and they all responded "Yes, Your Honor." All issues as to the defendant's negligence were answered favorable to the defendant and all issues as to the plaintiff's contributory negligence were found for the defendant, and on the issue of damages the jury's answer was "None." Thus the verdict was complete and ripe for judgment; however, Judge Fant on motion of the plaintiff-Respondent announced a mistrial and then discharged the jury. In a later proceeding on defendant's motion for judgment, the Judge entered his written order denying such motion and reiterating his declaration of a mistrial. In his written order, the Judge said:

"* * * the jury verdict was improperly rendered in regard to special issues # 7, 9, and 10,"

and therefore the defendant's motion for judgment was overruled. And,

"based upon the foregoing recitals, a mistrial is declared."

The order further recited that the motion was also overruled for the reason that the Court is of the opinion that the verdict was never received and accepted by the Court. It is Relator's position that the verdict as corrected was complete and proper as to all issues, and/or even if Issues 7, 9 and 10 were improperly arrived at the remaining issues are still sufficient to support a judgment in his favor. We agree that under either view the verdict is sufficient to entitle Relator to a judgment, but we are of the opinion that this is not an instance where a Court of Civil Appeals has the power to cause the writ of mandamus to issue.

The authority of Courts of Civil Appeals to issue writs of mandamus is limited to that given by Articles 1823 and 1824, Vernon's Tex.Rev.Civ.Stat.Ann. These articles authorize the issuance of such writs where necessary to enforce their jurisdiction or to direct the District or County Court to proceed to trial and judgment in a case. Relator relies on the rule of law that if there is no irreconcilable conflict in a jury's findings it is the ministerial duty of the Judge to enter a judgment on the verdict and the matter involves no judicial or discretionary power. Traywick v. Goodrich, 364 S.W.2d 190 (Tex.Sup.1963); Texas State Board of Examiners in Optometry v. Carp, 388 S. W.2d 409 (Tex.Sup.1965). The cases are numerous in which Courts of Civil Appeals have announced and followed this rule, for instance see Montgomery Ward & Co. v. Newman, 181 S.W.2d 613 (Eastland, Tex. Civ.App.1944, no writ); McGregor v. Allen, 195 S.W.2d 945 (Amarillo, Tex.Civ.App. 1946, dism'd); Friske v. Graham, 128 S.W. 2d 139 (San Antonio, Tex.Civ.App.1939, no writ); Fox v. Lewis, 344 S.W.2d 731 (Austin, Tex.Civ.App.1961, writ ref'd n. r. e.); Templeton v. Rogers, 450 S.W.2d 900 (Beaumont, Tex.Civ.App.1970, dism'd); Dickens County Electric Cooperative, Inc. v. Ratliff, 458 S.W.2d 949 (Amarillo, Tex.

Civ.App.1970, no writ). Despite these cases, we are of the opinion that we do not have the authority to issue a writ of mandamus under the circumstances of this case. Our view of this case is that this Court's authority to issue a writ of mandamus herein is controlled by the case of Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330 (1961). In that case, the Supreme Court held there are only two instances where the Appellate Courts have directed a trial Court to set aside its order granting a motion for a new trial. These are:

"(1) When the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and

(2) Where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting."

Neither of these two situations exists in this case.

The Court went on to say in the course of its opinion:

" * * * While under the broad language of Article 1733, V.A.T.S., this court does have the power to correct abuses of discretion in certain lower courts where there is no adequate remedy by appeal, Courts of Civil Appeals have no such power. Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434. The authority of the Court of Civil Appeals to issue writs of mandamus is limited to that given in Articles 1823 and 1824, V. A.T.S. They may only issue writs necessary to enforce their jurisdiction or to compel a district or county court to proceed to trial and judgment in a cause. Rule 300, Texas Rules of Civil Procedure, provides that where a special verdict is rendered the court shall render judgment thereon unless set aside or a new trial is granted or judgment is rendered notwithstanding the verdict or jury findings under the rules. Since the

motion for new trial was granted by the trial court it was not required by the rules to render judgment in the cause, and the Court of Civil Appeals is without authority to so order."

The case at bar involves an order declaring a mistrial, not the granting of a new trial. Mistrial and new trial are not the same, but it has been held that the similarity between them is sufficient to bring mistrial within the rule laid down by the Supreme Court in the Johnson case. Meyer v. State ex rel. Lefler, 372 S.W.2d 764 (Tex.Civ.App.—Beaumont 1963, no writ); L. B. Foster Steel Co., Inc. v. Moorhead, 382 S.W.2d 280 (Tex.Civ.App.—Houston 1964, no writ); Allen v. Long, 408 S.W.2d 342 (Tex.Civ.App.—Dallas 1966, dism'd); Jones v. Smith, 470 S.W.2d 305 (Tex.Civ. App.—Houston (1st Dist.) 1971, no writ). Other cases which have followed the Johnson case and reached the same result we have in this case are: City of Perryton v. Boyer, 423 S.W.2d 170 (Tex.Civ.App.—Amarillo 1968, Mand. Overr.); and Jones v. Smith and L. B. Foster Steel Co., Inc. v. Moorhead, supra; and see McDonald, Texas Civil Practice, Vol. 4, Sec. 17.28; and Lowe, Texas Practice, Vol. 6, Mandamus, Sec. 335.

█ There is another reason why we think mandamus must be denied in this case and that is that the Judge said in his written order that the verdict was never received and accepted by the Court. In this regard, it must be remembered that the trial Judge had orally announced a mistrial prior to the discharge of the jury. In DeBusk v. Cadenhead, 346 S.W.2d 145 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.), the Court stated the rule as follows:

" * * * A verdict does not become an official act and effective in law until it is received and accepted by the Court, and before this time and up to the time of tender and acceptance, any juror may dissent therefrom."

See also Robertson Tank Lines, Inc. v. Sawyer, 416 S.W.2d 886 (Tex.Civ.App.—Corpus Christi 1967, no writ); Masten v. Montgomery, 501 S.W.2d 725 (Tex.Civ. App.—Amarillo 1973, no writ), and authorities there cited.

Mandamus denied.