**TIDE PRODUCTS, INC., Relator,**

v.

**Honorable Henry BRASWELL et al., Respondents.**

No. 8752.

Court of Civil Appeals of Texas, Texarkana.

July 10, 1979.

Rehearing Denied Aug. 7, 1979.

Pat F. Beadle, Beadle & Beadle, Clarksville, for relator.

Henry Braswell, District Judge, Jim D. Lovett, Clarksville, for respondents.

## ORIGINAL MANDAMUS PROCEEDING

### HUTCHINSON, Justice.

Relator, Tide Products, Inc., by its application for writ of mandamus seeks an order of this Court directing the Honorable Henry Braswell to proceed to judgment in Cause No. 24,448 styled *Tide Products, Inc. v. R. L. Williams and Howard Williams,*

pending in the 102nd Judicial District Court of Red River County. It is the contention of the relator, plaintiff and cross-defendant below, that the jury returned a special issue verdict which is sufficient to support a judgment in its favor and that the rendition of such judgment is a ministerial act which may be compelled by mandamus. It appears from the application that the jury was unable to agree upon answers to all of the submitted special issues and that the court received and ordered filed the incomplete verdict and discharged the jury. Thereafter, relator filed a motion for judgment contending the unanswered issues, if answered, could not form a basis for judgment for the defendants-cross-plaintiffs on their cross-action. The record before this Court does not contain a motion for mistrial but does contain a copy of a letter from Judge Braswell to counsel announcing the granting of a mistrial motion and denying all other pending motions. The entered order declaring a mistrial stated that the jury verdict was incomplete and did not furnish a basis for the entry of a judgment.

Relator's petition for a writ of mandamus has been responded to by the defendants-cross-plaintiffs.

Article 1824, Tex.Rev.Civ.Stat.Ann., grants this Court the authority by mandamus to compel a district court to proceed to trial and judgment in a cause. In the exercise of this authority this Court is mindful of the admonition set forth in *Southwestern Bell Telephone Co. v. Shell,* 266 S.W.2d 476 (Tex.Civ.App. Fort Worth 1954, no writ), wherein the court stated:

"While mandamus lies to compel a court to render judgment when the petitioner has an absolute right to such judgment, the petitioner has the burden of showing a clear right to such relief. . . ."

. . . . .

"The remedy by mandamus is summary, extraordinary, harsh and drastic, and when it is resorted to for the purpose of compelling a court to render a particular judgment when that court thinks no judgment should be rendered, its enforcement is attended by some delicacy. Accordingly, we believe that when there is

any reason which could justify the action of the court in declaring a mistrial, a writ of mandamus requiring him to enter a judgment cannot be issued."

And too we must consider the limitation upon the exercise of such authority set by the Texas Supreme Court in the decision of *Johnson v. Court of Civil Appeals,* 162 Tex. 613, 350 S.W.2d 330 (1961). There the court stated that an appellate court could direct a trial court to set aside its order granting a motion for new trial only when the order was wholly void or where the trial court has specified in its written order that the sole ground for the new trial was a conflict in the jury's answers to the special issues. There is no legal distinction in the application of this rule between the granting of a new trial and declaring a mistrial. *Meyer v. State,* 372 S.W.2d 764 (Tex.Civ.App. Beaumont 1963, no writ); *L. B. Foster Steel Co. v. Moorhead,* 382 S.W.2d 280 (Tex.Civ. App. Houston 1964, no writ); *Allen v. Long,* 408 S.W.2d 342 (Tex.Civ.App. Dallas 1966, writ dism'd).

It is well settled that mandamus will not lie to control judicial or discretionary actions and if it appears that the trial judge acted in a judicial rather than a ministerial capacity in passing upon the motion for judgment, this Court is without authority to disturb that action by way of mandamus. *Trevino v. Doughty,* 311 S.W.2d 276 (Tex.Civ.App. San Antonio 1958, no writ); *Houston Fire & Casualty Ins. Co. v. Gerhardt,* 281 S.W.2d 176 (Tex.Civ.App. San Antonio 1955, no writ); *First National Bank v. Chapman,* 255 S.W. 807 (Tex.Civ. App. Fort Worth 1923, no writ). A writ of mandamus cannot be used to control or revise the exercise of discretion by the trial courts in the performance of purely judicial as distinguished from ministerial acts. *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648 (Tex.1958). The motion for mistrial here is not before this Court but whether or not it stated a sufficient reason for the ordering of a mistrial is a matter of discretion with the trial court which cannot be controlled or reviewed by mandamus, even though the trial court may have erroneously granted the motion. *Hunsinger v. Boyd,* 119 Tex. 182, 26 S.W.2d 905 (1930); *Stephenson v.*

*Boyer,* 479 S.W.2d 355 (Tex.Civ.App. Amarillo 1972, no writ); *City of Perryton v. Boyer,* 423 S.W.2d 170 (Tex.Civ.App. Amarillo 1968, mand. overr.).

The case here does not present a situation wherein a trial court has refused to act at all. Relator's and the defendant-cross-plaintiffs' motions were each considered and acted upon by the court. Mandamus is not available to direct the exercise of judicial discretion in any certain manner. *Carnes v. Cunningham,* 350 S.W.2d 59 (Tex. Civ.App. El Paso 1961, no writ); *McDowell v. Hightower,* 111 Tex. 585, 242 S.W. 753 (1922); *O'Meara v. Moore,* 142 Tex. 350, 178 S.W.2d 510 (1944). The trial court upon its consideration of the motions before it had to first determine if the unanswered issue was material and if found to be, to determine whether or not there was evidence to support an affirmative answer thereto. These determinations necessarily involved the exercise of a judicial function as opposed to a ministerial act. Therefore, mandamus cannot issue. *Meyer v. State,* supra; *Chancey v. New Amsterdam Casualty Co.,* 336 S.W.2d 763 (Tex.Civ.App. Amarillo 1960, writ ref'd n. r. e.); *Gulf, C. & S. F. Ry. Co. v. Canty,* 115 Tex. 537, 285 S.W. 296 (1926); *Cortimeglia v. Davis,* 116 Tex. 412, 292 S.W. 875 (1927).

Relator's application for writ of mandamus is denied.