Jeanne STEELE, Individually, and d/b/a Insight Interiors, Relator,

v.

Honorable Paul G. PEURIFOY, Ronald Volkman and Dolores Volkman, Respondents.

No. 20078.

Court of Civil Appeals of Texas, Dallas.

July 12, 1979.

Harry J. Martin, Jr., Witts & Wilson, Dallas, for relator.

Bill C. Hunter, Hunter, Stewart, Salzberger & Vineyard, Dallas, for respondents.

Before GUITTARD, C. J., and STOREY and CARVER, JJ.

STOREY, Justice.

Relator brings a petition for writ of mandamus in which he asks that the Honorable Judge Paul G. Peurifoy be compelled to rescind his order declaring a mistrial and proceed to render final judgment on the jury verdict. The issue presented is whether this court has jurisdiction to issue mandamus under Tex.Rev.Civ.Stat.Ann. art. 1824 (Vernon 1964) where the trial judge's order fails to state upon what ground mistrial was declared. Upon review of the trial judge's order, we are unable to determine the specific ground upon which mistrial was based and we therefore are without jurisdiction to grant the writ of mandamus.

Plaintiffs sued relator in the trial court, alleging breach of an oral agreement to furnish interior design and interior decorating services, and breach of express warranty. The cause was submitted to the jury based on thirty-four special issues, most of which were answered in relator's favor. Plaintiffs then moved for a mistrial, judgment non obstante veredicto, and motion for judgment on the verdict on grounds that answers to special issues were irreconcilable and in fatal conflict with one another, and that the court erred in submitting the case to the jury because no material issue of fact was raised by the evidence. The court's order recites that after considering the matters raised by these motions, the record, and the arguments of counsel, it was of the opinion that a mistrial should be granted. Respondent argues that this court is without jurisdiction to grant mandamus and that the trial court's order must stand. Respondent cites numerous authorities for the proposition that mandamus will lie only when the trial judge's written order specifies the reasons for granting a mistrial. *Johnson v. Court of Civil Appeals*, 162 Tex. 613, 350 S.W.2d 330 (1961); *Allen v. Long*, 408 S.W.2d 342 (Tex. Civ.App.—Dallas 1966, writ dism'd). Respondent urges that the language in the judge's order is too vague for this court to properly ascertain the grounds for the order of mistrial and therefore, we are without authority to grant mandamus.

In *Johnson*, the supreme court said there are only two instances where the appellate courts can mandamus the trial judge to set aside its order granting a motion for new trial:

(1) Where the trial court's order was wholly void as where it was not entered in the term in which the trial was had; and

(2) Where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting.

350 S.W.2d at 331. *L. B. Foster Steel Co. v. Moorhead*, 382 S.W.2d 280 (Tex.Civ.App.— Houston 1964, no writ) is analogous to the case at bar. In that case, the plaintiff set out several grounds in the motion for mis-

trial, and the trial court's order granting the mistrial stated:

the Court having considered both the Motion for Judgment upon the Verdict and the Motion for Mistrial and all the evidence, arguments and authorities adduced by counsel, and being of the opinion that the Motion for Mistrial ought to be sustained, it is, therefore, Ordered, Adjudged, and Decreed that a Mistrial be declared in this cause.

382 S.W.2d at 283. The court went on to hold that because the trial judge could have based his order upon one or more of the grounds set out in the motion for mistrial, it could not proceed to determine upon what ground the ruling was based. 382 S.W.2d at 283.

Relator argues in this case that the only ground in plaintiff's motion for mistrial was irreconcilable and conflicting answers to special issues. We would agree with relator's contention if the order had been limited to granting the motion for mistrial. The court, however, did not limit its order to the ground set forth in the motion for mistrial because its order reads:

the Court, after considering the matters raised by said motions, *the record and the arguments of counsel,* is of the opinion that a mistrial should be granted. It is, therefore, ordered, adjudged and decreed that a mistrial is granted in the above styled and numbered cause and the same shall be placed upon the docket for subsequent trial on the merits. [Emphasis added].

Based on the above discussion, we conclude that *Foster Steel* controls the instant case. The court's order shows that its ruling could have been based on a ground not set out in plaintiff's motion. Because we are unable to discern the specific ground upon which the mistrial was based, we are without jurisdiction to issue the writ of mandamus prayed for by relator.

Mandamus denied.