02-10-242-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00242-CV

 

 


 
 
 In the Interest of K.V.C., Q.V.C., and V.C.,
 Children
 
 
  
 
 
  
 
 


 

 

----------

 

FROM THE 89th
District Court OF Wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
C.D. (Mother) appeals from the decree terminating her parental rights to her
children, K.V.C., Q.V.C., and V.C.  In a single issue, Mother argues that
“[t]he trial court erred in declaring a mistrial and dismissing the jury panel
instead of placing stricken jurors on the jury who were stricken in violation
of Batson.”  According to Mother, “the only remedy that protects the wrongfully
excluded veniremember[s] is placing them on the jury.”  We will affirm.

          Texas
Department of Family and Protective Services (TDFPS) filed its original
petition for protection of a child, for conservatorship, and for termination in
suit affecting the parent-child relationship in January 2009.  It alleged that
Mother’s parental rights to her children should be terminated because Mother
had committed several acts or omissions outlined in family code section
161.001(1) and because termination was in the children’s best interests.  A
jury trial commenced in June 2010, and towards the end of voir dire,
Mother—joined by the children’s father—lodged Batson challenges to two
of TDFPS’s peremptory strikes and to one of the children’s ad litem’s peremptory
strikes.[2]  After considering
arguments and evidence, the trial court implicitly sustained the Batson
challenges, declared a mistrial, and set the trial to “start again” the next
morning “with 48 new jurors.”  A new jury panel was summoned the following day,
the jury subsequently returned a verdict terminating Mother’s parental rights
to the children, and the trial court signed a decree terminating the
parent-child relationship between Mother and the children.

          Mother’s
sole issue can be construed several different ways.  To the extent that
Mother’s argument can be construed as a challenge to the trial court’s decision
to declare a mistrial because of its underlying conclusion to sustain the Batson
challenges, we agree with TDFPS that this court may not review on appeal the
trial court’s decision to grant the mistrial.  See In re S.G., Jr., 935
S.W.2d 919, 923 (Tex. App.—San Antonio 1996, writ dism’d w.o.j.) (“We further
agree that in civil cases this court lacks jurisdiction to review a trial court
order granting a motion for a mistrial.”); Galvan v. Downey, 933 S.W.2d
316, 321 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (holding that an
order declaring a mistrial is an interlocutory order and is not appealable and
that appellants’ proper remedy for appealing the mistrial was by mandamus); Fox
v. Lewis, 344 S.W.2d 731, 734 (Tex. Civ. App.—Austin 1961, writ ref’d
n.r.e) (holding that order declaring mistrial after first trial was
interlocutory and not appealable and likening appellate court’s ability to
review order granting mistrial with order granting a new trial); cf. In
re State Farm Lloyds, 254 S.W.3d 632, 636 (Tex. App.—Dallas 2008, orig.
proceeding) (conditionally granting mandamus relief from trial court order
prohibiting parties’ counsel from interviewing discharged jurors after mistrial
and stating that order for mistrial was interlocutory and not appealable); Ware
v. Marquez, 511 S.W.2d 594, 596–97 (Tex. Civ. App.—El Paso 1974, orig.
proceeding) (denying mandamus relief from order granting mistrial and relying
on rules governing granting of new trial).

          To
the extent that Mother’s sole issue can be construed as a challenge to the
trial court’s decision to implement the remedy of declaring a mistrial
and calling for a new jury panel instead of reinstating the excluded
jurors, Mother directs us to no authority—nor have we located any after our own
search—reasoning that this particular issue is not also controlled by the
authorities set out immediately above.[3]  Even if such authority
existed, and assuming that Mother’s motion for new trial preserved this issue
for appellate review, we would not be able to conclude that the trial court
abused its discretion by declaring a mistrial instead of placing the excluded
panel members on the jury.  See Boones v. State, 170 S.W.3d 653,
657 (Tex. App.—Texarkana 2005, no pet.) (reasoning that trial court may fashion
remedy in its discretion that is consistent with Batson and its progeny
(citing State ex rel. Curry v. Bowman, 885 S.W.2d 421, 424–25
(Tex. Crim. App. 1993))); see also Batson v. Kentucky, 476 U.S. 79, 99,
106 S. Ct. 1712, 1725 n.24 (1986) (declining to instruct courts on remedy
when Batson challenge sustained).  Accordingly, we affirm the trial
court’s judgment.

 

 

 

BILL MEIER

JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DELIVERED:  March 24, 2011









[1]See Tex. R. App. P. 47.4.





[2]The three jurors who were struck
were the only African-American jurors on the jury panel.





[3]It appears that Mother’s
proper vehicle for appealing the granting of a mistrial would have been to file
a petition for writ of mandamus.  See Galvan, 933 S.W.2d at 321; Ware,
511 S.W.2d at 596–97; see also Rod Ric Corp. v. Earney, 651 S.W.2d 407,
408 (Tex. App.—El Paso 1983, orig. proceeding).